CASE 44—EFFECT OF FORMER ADJUDICATION—JAN. 19, 1899.

# Hopkins v. Adam Roth Grocery Co.

### APPEAL FROM M'CRACKEN CIRCUIT COURT.

RES ADJUDICATA—EFFECT OF FORMER OPINION.—The legal princi-
ples determined on the first appeal of a case are not merely
precedents for the guidance of this court on a second appeal of
the same case. But the law as first determined, right or·wrong,
is the law of the case, and must control not only the lower court
upon a return of the case, but also this court on any subsequent
appeal.

W. S. PRYOR AND C. P. CHENAULT FOR THE APPELLANT.

This appeal involves questions essentially different frcm those
considered on the former appeal. Were it otherwise, the former
opinion in this case is wrong and ought not to be adhered to.
60 Miss., 432; 136 Mass., 405.

J. D. MOCQUOT FOR THE APPELLEE.

This case is controlled by the former ruling. Adam Roth
Grocery Co. v. Hopkins, 16 Ky. Law Rep., 678.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The legal principles determined on the first appeal of a
case are not merely precedents for the guidance of this
court on a second appeal of the same case. But the law as
first determined—right or wrong—is the law of the case,
and must control, not only the lower court upon a return
of the case, but also this court in any subsequent appeal.
Opinion of appellate court on first appeal can not be revised
in the same cause upon a second appeal. Legrand v. Baker,
6 T. B. Mon., 243; Ford v. Gregory's Heirs, 10 B. Mon., 175.
On a former appeal in this case, 16 Ky., 679 [29 S. W., 293],
it was held, contrary, perhaps, to the weight of authority,

that as the minor Hopkins was doing business as if of full age, and had the appearance of an adult, he must plead affirmatively that he disclosed to the agent selling him the merchandise sued for the fact that he was a minor; otherwise, the chancellor must hold him estopped to plead his infancy as a defense to the action for the price of the goods. On the return of the case, the chancellor followed the opinion of this court; and, as Hopkins neither pleaded nor proved the vital fact required in the opinion, a judgment was rendered against him.

Under the authority referred to, we are powerless to disturb the judgment, and it is therefore affirmed.