## Straight Creek Coal Company v. Huddleston's Admr.

(Decided February 22, 1912.)

### Appeal from Bell Circuit Court.

1. Negligence—Punitive Damages.—In an action under section 6, Kentucky Statutes, to recover for the death of a person by reason of the negligence of the defendant, no instruction as to punitive damages should be given, unless there is evidence showing recklessness or indifference to the safety of others.

2. First Appeal—Opinion—Law of the Case.—The opinion on the first appeal is the law of the case and under the same evidence the jury should be instructed as therein directed.

KOHN, BAIRD, SLOSS & KOHN and D. L. LOGAN for appellant.

B. B. GOLDEN and W. T. DAVIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Millard Huddleston was a driver in the service of
the Straight Creek Coal Company. He was killed by
some slate falling upon him from the roof of one of the
entries. His administrator brought this suit against the
company to recover for his death. On the first trial of
the case, the circuit court instructed the jury peremp-
torily to find for the defendant. The plaintiff appealed
to this court. It was held on the appeal that under the
evidence the case should have gone to the jury. (See
Huddleston's Admr. v. Straight Creek Coal Co., 138 Ky.,
506.) The facts of the case are fully stated in that opin-
ion. Concluding the opinion this court said:

"The only ground of defense is that the company hav-
ing exercised ordinary care to keep the mine in a reason-
ably safe condition was not liable. If there is a retrial,
the jury upon this point should be instructed in sub-
stance that if they believe from the evidence that the
company exercised ordinary care in making the inspec-
tion, and in maintaining the mine, at the time Huddleston
was killed, in a reasonably safe condition, they should
find for the defendant; otherwise, they should find for
the plaintiff."

On the return of the case to the circuit court it was
tried again. The trial resulted in a verdict and judgment
in favor of the plaintiff for $7,500. The defendant ap-
peals.

Among other things the court instructed the jury that
if there was gross negligence upon the part of the de-
fendant they might in their discretion find for the plain-
tiff in addition to compensatory damages such sum in
punitive damages as they deemed right and proper
under the evidence. While there was sufficient evidence
of negligence to take the case to the jury, there was no
evidence authorizing punitive damages.

The undisputed evidence showed that when complaint
was made as to the safety of the roof of this entry, the
defendant had it inspected and the loose slate taken
down. This was done the evening before Huddleston was
killed, he assisting in the work of getting the slate down
under the orders of his superior who directed what was
to be done. The next morning at 7 o'clock, the fall of
slate occurred which resulted in Huddleston's death.
There was no evidence showing such a want of care as

would warrant punitive damages under any definition of gross neglect. To allow a recovery here of punitive damages would be to authorize the submission of punitive damages to the jury in every case of death where there was evidence tending to show negligence on the part of the defendant. This is not the meaning of the statute. Punitive damages may be allowed under it "where the act is willful or the negligence is gross. (Kentucky Statutes, section 6.) But the latter part of the clause is to be read in connection with the first and punitive damages can only be allowed for negligence where there is evidence tending to show recklessness or indifference to the safety of others. On the former appeal we held the case should go to the jury, but there was no intimation that punitive damages could be recovered. On the contrary it was distinctly held that the only question for the jury was whether ordinary care was exercised.

The opinion delivered on the former appeal is the law of the case. In lieu of the 4th instruction given by the court on the trial, the court on another trial will tell the jury that it was the duty of the defendant company to exercise ordinary care in making the inspection and in maintaining the mine at the time Huddleston was killed, in a reasonably safe condition for Huddleston's use, and if the jury believed from the evidence that the defendant company by its agents or servants charged with that duty failed to exercise such care and as the natural result thereof Huddleston was killed by the falling of the slate from the roof the law is for the plaintiff and the jury will so find. Ordinary care is such care as an ordinarily prudent person would ordinarily use under like circumstances. Negligence is the failure to use such care.

Under the evidence Huddleston was not charged with the duty of making the roof safe. His superiors were charged with this duty. The rule that a servant whose duty it is to make the place safe, can not recover for his injury, has no application to the facts of this case.

In the statement endorsed on the transcript, the judgment rendered in the action, not the order overruling the motion for new trial, is given as the judgment appealed from. This is sufficient as the judgment is the order sought to be reversed, although it did not become final until the motion for a new trial was overruled. (Continental Coal Corporation v. Cole's Admr., 146 Ky., 821.)

Judgment reversed and cause remanded for a new trial.