## Mutual Benefit Life Insurance Company v. O'Brien.

(Decided September 27, 1912.)

### Appeal from McCracken Circuit Court.

Appeal—Former Appeal—Opinion of First Appeal Law of Case.—The legal principles determined upon a first appeal of a case are not merely precedents for the guidance of this court on a second appeal. The law as first determined is the law of the case, and must control, not only the lower court upon a return of the case, but also this court in any subsequent appeal. (See 116 S. W., 750, and 144 Ky., 308, for opinion on former appeal and extended opinion.)

WHEELER & HUGHES for appellant.

D. G. PARK, ARTHUR Y. MARTIN for appellee.

OPINION OF THE COURT BY JUDGE WINN—Reversing.

The history of this litigation and the facts out of which it arises are to be found in the opinion on the former appeal, 116 S. W., 750, and in the extended opinion in 144 Ky., 308. Upon the return of the case to the trial court plaintiff amended her petition.

In the amendment she alleged that full two years' premiums were paid in cash; but in detailing the way

the payment was made she set out the precise facts as to the premium loans as detailed in the first part of our former opinion. Her theory upon the amendment was that the insured had borrowed the money from the company with which to make the payment and that the borrowed money together with his own cash paid constituted a total payment in cash. The former opinion, however, held otherwise; and the law on that appeal, the facts being the same, is the law upon this. While it is true that Pat O'Brien did not execute his note to the company for the money borrowed which was used in the payment of the premium as stated in the former opinion, what he did execute was a certificate of loan whereby he recited the amount of the loan and wherein he agreed that the amount of the loan should be a lien on the policy. The obligation of indebtedness evidenced by the premium loan certificate was a debt incurred in the payment of the premium, and through no sort of sophistry can it be argued to have been a payment in cash. The amended petition, therefore, and the plaintiff's proof upon the second trial were insufficient to alter the facts upon which the former opinion was predicated, or to bring the case within the Kentucky Statute, the application of which was denied in the extended opinion upon the former appeal. The amended petition further set up that the interest earnings and other surplus accumulations for the years during which the policy was alive were so far in excess of the dividends declared during these years by the company as that O'Brien's portion of the excess not distributed would have sufficed, when added to the surrender value allowed him, to extend the insurance beyond the date of his death; but this proposition as well was passed upon in the former opinion. Again, it may be said that the law of the case upon the former trial, the facts being the same, is the law of the case upon this appeal.

We have not reconsidered the questions presented upon the former appeal but have contented ourselves with a careful consideration of the record to ascertain whether the record as now made up was in any wise different from the former record. "The legal principles determined upon a first appeal of a case are not merely precedents for the guidance of this court on a second appeal of the same case. But the law as first determined—right of wrong—is the law of the case, and

must control not only the lower court upon a return of the case, but also this court in any subsequent appeal.'' Hopkins v. Adam Roth Grocery Co., 105 Ky., 357. From the foregoing considerations it results that the trial court, upon the defendant's motion, should have peremptorily instructed the jury to find for it.

The foregoing conclusions render it unnecessary for us to discuss the questions of pleading raised in the record.

Judgment reversed and cause remanded for proceedings consistent herewith.