## Woody v. Louisville Railway Company.

(Decided March 19, 1913.)

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Instructions—Gross Negligence—Exemplary Damages—Action for Personal Injuries.—In an action for Personal injuries an instruction authorizing the assessment of exemplary damages should be given where the injury occurs under such circumstances as indicate a wanton and reckless disregard of the safety of others.

2. Street Railroads—Reckless Collision with Automobile—Action for Personal Injuries—Evidence—Special Damages.—In an action for personal injuries resulting from the reckless striking of an automobile by a street car, the plaintiff alleging that as a result of the injury his health and strength had been permanently impaired, any physical disability resulting from the accident might have been introduced in evidence as a distinct item of damage.

GROVER G. SALES, HELM BRUCE and BRUCE & BULLITT for appellant.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

In June, 1911, appellant was driving in his automobile along the street car tracks going south on Twelfth Street, in the city of Louisville, and upon approaching Maple Street, where the tracks of a steam railroad cross, he stopped his machine to await the passing of a train along the steam railway line. After the train had passed, he undertook to start his machine, but found that while standing it had "gone dead," and as he started to get out to crank it up again, a street car, operated by appellee, and coming from the rear, struck his machine with great force and caused it to go some distance along that street. He was quite severely shocked and stunned, and immediately thereafter was taken to a hospital, where he remained for about two weeks, when, upon the advice of his physician, he went to Canada, where he remained several weeks.

It was about the middle of the day and the machine was standing on the street railway track in full view for some distance of any one going south on Twelfth Street. There is no contradiction in the evidence that the street car ran into the rear of the automobile, which was in full view of the motorman, and so far as the record discloses, there was no palliation or excuse whatsoever for the accident.

The appellee introduced no single witness, not even its employes in charge of its car, to explain the accident, or to in any way justify it.

Appellant set up items for special damages embracing the injury to his machine, his expenses at the hospital and in Canada, and the loss of business. On the trial the jury returned a verdict of $1,000.00, and he being dissatisfied

therewith filed his motion for a new trial, and that having been overruled, he appeals.

The two grounds upon which he especially relies are: 1. That under the evidence in this record appellee was guilty of such gross negligence as entitled him to an instruction authorizing the recovery of punitive damages. 2. That he should have been permitted to introduce evidence of the development of diabetes as a result of the accident as a distinct item of damage under the allegations in his amended petition that his health and strength had been permanently impaired as a result of the accident.

It is not every case of gross negligence that will justify the giving of an instruction authorizing the assessment of exemplary damages; but such an instruction should always be given where the injury occurs under such circumstances as indicate a wanton or reckless disregard of the safety of others.

We have in this case a street car going at full speed in broad daylight toward an automobile standing still on the track, and so far as the evidence shows, deliberately and intentionally collided with it; and not even an effort made to explain away this culpable conduct, or to offer in evidence one palliating circumstance.

This court has in many cases upheld the giving of instructions authorizing the recovery of punitive damages where the facts were much less satisfactory; and should always do so in cases where an apparently unnecessary accident is not explained or attempted to be. Felton v. Holbrook, 21 Rep., 1824.

The court permitted the evidence of appellant as to the existence of diabetes resulting from the accident to be considered by the jury only as bearing upon the extent of the injury to his head or body, and not to be considered by them as a separate item of damage. In his amended petition he alleged that as a result of the injury his health and strength had been permanently impaired; and under that allegation any physical disability resulting from the accident might have been introduced in evidence. If one's health has been permanently impaired as the result of an accident, evidence of any disease which has impaired his health directly resulting from the accident may be introduced in evidence as an item of damage in addition to bruises, cuts or visible injuries. The allegation is broad enough to justify the introduction of any evidence

bearing upon the permanent impairment of his physical condition.

For the reasons given the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.