### Beaver's Administrator v. Proctor Coal Company.

(Decided June 19, 1914.)

## Appeal from Whitley Circuit Court.

1. Appeal—Law of Case—Subsequent Appeal.—A ruling on a former appeal that a peremptory instruction should have been given for the defendant is the law of the case on another trial and on a subsequent appeal, unless the proof on the second trial is substantially different from that on the first trial.

2. Master and Servant—Safe Place to Work—Evidence—Peremptory. —In an action against a mine owner to recover for the death of plaintiff's decedent, alleged to have resulted from defendant's failure to furnish sufficient cross-timbers, evidence examined, and held that the trial court properly directed a verdict in favor of defendant.

R. S. ROSE for appellant.

TYE, SILER & GATLIFF and SHARP & SMITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is the second appeal of this case. The opinion on the former appeal may be found in 151 Ky., page 839, under the title of Proctor Coal Company v. Beaver's Administrator. It was there held that it was Beaver's duty to prop his room, and failing to do so, he violated the law. It was further adjudged that his own negli-

gence was the proximate and direct cause of his injury, and that for that reason a peremptory instruction should have been given. However, in remanding the case, the court used the following language:

"It is insisted, however, that appellant's failure to furnish Beaver with sufficient and necessary cross timbers with which to properly prop his room was the proximate cause of the accident. This, however, does not sufficiently appear. The evidence is ample that props, caps, and other timbers were in an adjoining space, and Bean is the only witness who says that Parry, the mine foreman, refused to supply Beaver with proper cross pieces; and he admits that cross pieces of a kind were furnished, and that no attempt was made to use any in this particular place. Parry not only denies the charge, but says it was not necessary to have cross pieces, to protect that particular piece of slate. If, upon another trial, it should be made to satisfactorily appear that appellant did refuse to furnish the necessary cross pieces, and that said failure was the proximate cause of the accident, a peremptory instruction would not be proper."

It is well settled that a ruling on a former appeal that a peremptory instruction should have been given for the defendant is the law of the case on another trial, and on a subsequent appeal, unless the proof on the second trial is substantially different from that on the first trial. Gossett v. Ky. Wagon Mfg. Co., 153 Ky., 101; C., N. O. & T. P. v. Martin, 154 Ky., 348, 157 S. W., 710; Straight Creek Coal Co. v. Huddleston's Admr., 147 Ky., 94, 143 S. W., 775.

The only witness who testified to the fact that defendant failed to furnish cross-timbers is James Bean, who was decedent's "buddy." In his testimony on both trials, it appears that decedent was killed by falling slate while preparing to set a prop. The slate was from three to ten feet from the face of the coal. The coal had been removed from under the slate about three days. The roof was what is known as "bad top." It had slips in it. This condition was clearly observable. Neither decedent nor witness attempted to remove the slate or sounded the roof. About an hour before the slate fell, a shot was fired. After the firing of the shot, no effort was made to remove the slate or test the roof. There were props in the room, but the placing of these props would interfere with the work. In order to render the roof reasonably safe cross-timbers were required. On the first trial Bean

testified that two or three days before the accident he saw the foreman and asked for certain car boards, presuming that the foreman knew what he wished to do with them. These car boards were at the shop. The foreman refused to furnish the car boards, and told him to take certain two by four material, which Bean says was not suitable for cross-timbering because it was crooked.. It does not appear that if the car board had been furnished, it would have been used by witness or decedent for the purpose of timbering the roof. Witness and decedent worked in the room about three days after the foreman refused to furnish the car boards. Witness did not state that there were no cross-timbers at the place where he got the props, and where it was customary to. get them. On the second trial he testified to practically the same facts. On cross-examination his testimony was as follows:

"Q. Did you inquire for cross-timbers on the outside where you got the props? A. I don't remember. Q. How many cross-timbers were out where you got the props? A. I don't remember seeing any. Q. Were there any there? A. I couldn't say. Q. Did you look for them? A. I was all the time looking around. Q. Did you then? A. I don't remember."

Under the law of Tennessee, where the accident occurred, it was the duty of the foreman to see that sufficient props, caps and timbers were kept at some convenient point near the mine entrance. These timbers are selected and loaded on the cars by the miner. They are then hauled to the mouth of the room or the face of the entry where the miner is working. It will be observed that Bean did not remember of inquiring for cross-timbers at the mouth of the entrance where he got the props. He did not remember seeing them. He could not say whether there were any cross-timbers there or not, and could not even say that he looked for any. His evidence is simply to the effect that over at the shop he asked for certain car boards, which were refused. He was then offered other cross-timbers which were not suitable. This took place two or three days before the accident. So far as his testimony is concerned, there may have been any number of cross-timbers at the place where he got the props. In the absence of evidence going to show that he went to the place at the entrance of the mine where it is customary to keep cross-timbers, and

that there were none there, it cannot be said that there was either a failure or refusal on the part of defendant to furnish sufficient cross-timbers, merely because the foreman, two or three days before, had refused to furnish certain car boards which were over at the shop, and had suggested that he take certain two by four timber which was also at that point.

The evidence on the two trials being substantially the same, and failing to show the failure or refusal of the defendant to furnish sufficient cross-timbers was the proximate cause of the accident, it follows that the trial court properly directed a verdict in favor of defendant.

Judgment affirmed.