### Kirchdorfer v. Ward.

(Decided December 10, 1915.)

Appeal from Jefferson Circuit Court.
(Common Pleas Branch, Second Division).

1. Appeal and Error—Reversal—Effect of on Subsequent Trial and Second Appeal.—Where, on appeal to the Court of Appeals, the judgment of the circuit court is reversed and on a subsequent trial

in the latter court a peremptory instruction is given, as directed by the opinion of the Court of Appeals, the judgment resulting from such trial in the circuit court, on a second appeal, will be affirmed by the Court of Appeals, unless the evidence on the last trial was substantially different from that on the first. In other words, the opinion of the Court of Appeals on an appeal is the law of the case on a subsequent trial in the circuit court, and will, on a second appeal, control this court, where the evidence on the subsequent trial is substantially the same as on the first trial.

O'NEAL & O'NEAL and TYLER BARNETT for appellant.

SIDNEY SMITH, CHAS. A. WICKLIFFE and BRUCE & BULLITT for appellee.

Opinion of the Court by Judge Settle—Affirming.

This is the second appeal of this case. When first tried, the circuit court by peremptory instruction directed a verdict for the defendant (now appellant), J. C. Kirchdorfer. On appeal the judgment was reversed by this court (see 160 Ky., page 28), the opinion declaring that the trial court should have peremptorily directed a verdict in favor of the plaintiff (the present appellee), J. H. Ward. On the second trial the jury returned a verdict in favor of the latter, pursuant to such an instruction from the court. The present appeal is prosecuted by Kirchdorfer from the judgment entered upon that verdict.

As the facts constituting the cause of action, as well as the defense interposed thereto, are elaborately set out in the opinion on the former appeal, it will be unnecessary to repeat them here, further than to say that Kirchdorfer and one Fritts were stockholders in an automobile company and endorsers on certain notes of the company held by the German Bank of Louisville, and others held by the Stockyards Bank, of that city. Fritts sold his stock to Ward, under a contract whereby the latter agreed to hold him harmless against the notes of the company held by the German Bank. Ward then sold his stock to Kirchdorfer, under a contract by which Kirchdorfer agreed to hold him harmless against the Stockyards Bank notes, and "against all obligations of the said automobile company, and to protect the second party (Ward) against any further liability to said company, or its creditors, on account of the second party being a stockholder in said company, or for any reason

whatever, it being understood that payment of said twenty-five hundred dollars ($2,500) is a full satisfaction of all indebtedness of the second party to said company, or on account thereof, and of all liability of the second party as stockholder or otherwise of said company.''

This contract is in writing and copied in the former opinion. When the notes held by the German Bank fell due they were not paid. The bank brought suit upon them and obtained a judgment therefor against the automobile company and the endorsers, Kirchdorfer and Fritts. Kirchdorfer thereupon paid the judgment and thereafter sued Fritts, as co-surety, for contribution, and obtained a judgment, which the latter paid, following its affirmance by this court. (See Fritts v. Kirchdorfer, 136 Ky., 643.) The amount which Fritts paid in satisfaction of the judgment of Kirchdorfer was repaid him by Ward, whose liability to Fritts therefor was fixed by the contract between himself and Fritts whereby he purchased Fritts' stock and agreed to indemnify him against any loss by reason of Fritts' endorsement of the notes of the automobile company. The present action was then brought by Ward against Kirchdorfer, to recover the amount paid by the former to Fritts, on the ground that the sum so paid was covered by the indemnity clause of the contract under which Ward had sold Kirchdorfer his stock in the automobile company.

On the first appeal we held that the contract between Ward and Kirchdorfer was not limited to obligations of the automobile company which the former was required to pay because of any contractual relation which he bore to the company, or because of his relation as stockholder, but was sufficiently broad to cover the German Bank notes which constituted an obligation of the company he was required to pay to Fritts because of his contract to hold Fritts harmless. In the opinion it is, in part, said:

''Here, then, we have a case where Kirchdorfer and Fritts were stockholders in a certain company. Fritts sold his stock to Ward under a contract whereby Ward agreed to hold him harmless on the notes in question. Thereafter Ward sold to Kirchdorfer under a contract by which Kirchdorfer agreed to hold Ward harmless, not merely against all liability of the automobile com-

pany which Ward might be required to pay because of his relation as stockholder, or because of any contract relation which he sustained to the company, but against all obligations of the company, and against any liability to the company or its creditors for any other reason whatever, and against all liability as stockholder 'or otherwise of said company.' It was, therefore, the evident intention of the parties that Kirchdorfer should simply step into Ward's shoes and assume and discharge every liability of the company that Ward was thereafter required to pay, it matters not how that liability arose. It follows that the trial court should have directed a verdict in favor of the plaintiff.''

It is manifest that upon the second and last trial the circuit court, in directing a verdict for Ward, followed the opinion of this court. The peremptory instruction was given on the last trial, as on the first trial, after each of the litigants had introduced his evidence and following the conclusion of all the evidence. The giving of the peremptory instruction was proper, unless the evidence on the last trial was substantially different from that on the first. In other words, the opinion of the Court of Appeals on an appeal is the law of the case on a subsequent trial, where the evidence on the subsequent trial is substantially the same as on the first trial. In Gossett v. Ky. Wagon Works, 153 Ky., 101, it is said:

''When the case was here before it was exhaustively considered by the whole court. The opinion then delivered is the law of the case and is binding no less on this court than on the circuit court, unless the proof on the second trial was substantially different from that on the first trial. * * * If, upon a second appeal, the judgment on the first appeal was disregarded for such slight variation in the testimony as we have here, litigation would be interminable and the circuit judges could not know how to dispose of the business before them.'' Mutual Benefit Life Ins. Co. v. O'Brien, 149 Ky., 514; Mutual B. Life Ins. Co. v. Enig's Admr., 145 Ky., 660; Junior Order U. Amer. Mechanics v. Ringo, 146 Ky., 602; I. C. R. Co. v. Hayner, 144 Ky., 508 L. & N. R. R. Co. v. Murphy, 150 Ky., 176; Beaver's Admr. v. Proctor Coal Co., 159 Ky., 578; L. & N. R. R. Co. v. Cox, 154 Ky., 100.

The bill of evidence heard on each of the trials is before us, and, having read both, we find the evidence on the two trials to be substantially the same. Indeed, this the brief of appellant's counsel, in effect, concedes to be true, as it fails to point out any variance therein. The brief does call attention to the following statement contained in the response to the petition for rehearing, found in 161 Ky., 200:

"The case is here on only the evidence for the plaintiff, and on another trial the defendant will be allowed to introduce his evidence. We only determine that on the facts as now presented, the plaintiff should recover. Petition overruled."

This statement of the response is obviously incorrect, as the bill of evidence introduced on the first trial shows that the defendant, as well as the plaintiff, introduced evidence; and, further, that the defendant, Kirchdorfer, moved for a peremptory instruction at the conclusion of the plaintiff's evidence, but that the motion was then overruled by the court. When renewed by him, however, after the introduction of his evidence, and upon the conclusion of all the evidence, the motion was sustained and the peremptory instruction directing a verdict for him given. On the last trial there was no motion for a peremptory instruction until both parties had introduced their evidence. Such motion was then made by both plaintiff and defendant, that of the defendant being overruled and that of the plaintiff, Ward, sustained, followed by the giving of the peremptory instruction and the verdict in his behalf.

The witnesses both for appellant and appellee, save Fritts, whose deposition was read on both trials by the latter, testified orally on each trial, and we have rarely reviewed two trials, involving oral testimony, in which the variance was as slight as it appears to be in this case.

We cannot again consider the questions of law urged by the brief of appellant's counsel, or its conclusions of fact, as both were considered and determined by the opinion on the former appeal, which must be accepted by us, as it was by the circuit court, as the law of the case. Judgment affirmed.