## Hostetter, et al v. Green.

(Decided May 10, 1916.)

## Appeal from Franklin Circuit Court.

1. Husband and Wife—Alienating Affections.—Upon the third appeal in an action by the husband against his wife's parents for the alienation of her affections, the evidence being substantially the same as on the two former trials, evidence examined and held to require the submission of the case to the jury.

2. Appeal and Error—Alienating Affections—Verdict.—On appeal by defendants from a verdict and judgment for the husband for the alienation of his wife's affections, verdict held not to be flagrantly against the evidence.

3 Appeal and Error—Review—Subsequent Appeals—Instructions.— Where, on a former appeal, the appellate court indicated the instructions that should be given on a new trial, and the evidence on the new trial is substantially the same as on the previous trial, no instructions other than those indicated should be given.

4. Appeal and Error—Instructions.—Where defendants failed to request a peremptory instruction on a former trial, based on the evidence or want of evidence, and the evidence on a subsequent trial, following an appeal to the Court of Appeals, is the same as on the former trial, they are concluded from complaining of the court's refusal to give such instruction on the last trial.

5. Continuance.—Where there had already been two continuances at their request, the defendants were not entitled to a further continuance upon filing of affidavits to the effect that one defendant was unable, on account of a permanent disease, to attend the trial or give her deposition, and the other unable, on account of unsoundness of mind, to testify or assist his counsel in the trial, in the absence of a reasonable showing that either one would at a later term be able to attend the trial or give deposition therein.

6. Continuance—Discretion of Lower Court.—The fact that one of defendants' attorneys was employed only two weeks before the trial, did not authorize a continuance, where their other attorney had been connected with the case at a former trial.

W. C. G. HOBBS and J. T. FARMER and HOBBS & NORTH for appellants.

SCOTT & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE.—Affirming.

March 31, 1915, the appellee, Attilla Green, recovered of the appellants, J. P. Hostetter and Mary Hostetter, a verdict and judgment for $1,333.00 by way of damages, claimed by the former against the latter, for the alienation of his wife's affections. This appeal is prosecuted from that judgment.

Although numerous grounds were relied on in the motion for a new trial, only three are urged by appellants for a reversal of the judgment, viz: (1) Error of the court in overruling appellants' motion for a continuance of the cause; (2) In overruling, at the conclusion of appellee's evidence, appellants' motion for a peremptory instruction directing a verdict for them; (3) That the verdict is flagrantly against the evidence.

This is the third appeal in the case, the opinion on the first appeal being reported in 150 Ky. page 551, that on the second in 159 Ky. page 611.

The second and third of these grounds will first be disposed of. Examination of the evidence on the last trial, furnished by the record on the present appeal, shows that it does not materially differ from that on the first and second trials, excluding certain parts thereof held in the opinions on the first and second appeals to have been incompetent, which excluded evidence was not admitted on the last trial. It further appears that no complaint was made by appellants on either of the former appeals of a refusal of the trial court to grant a peremptory instruction directing a verdict for them. In view of this situation we are a loss to understand why at this late day they should, for the first time, complain that the trial court erred in this particular. Without relating the evidence of the last trial or entering upon a discussion of its force or effect, we deem it sufficient to say that it presented no reason for the giving of the peremptory instruction asked by appellants, but, on the contrary, required the submission of the case to the jury. Nor is there any ground for appellants' complaint, also first made on this appeal, that the verdict is flagrantly against the evidence. In reaching this conclusion we are not required to say that the verdict is sustained by the weight of the evidence, but only to declare that, in our opinion, it is not palpably against the evidence.

In the opinion on the first appeal we approved certain instructions that had been given by the circuit court on the first trial and, in addition, directed the giving of certain other instructions which were set forth in the opinion. On the second trial the jury were instructed by the circuit court in every respect as directed by the opinion on the first appeal. These instructions were approved on the second appeal and again given by the circuit court on the third and last trial. In numerous cases we have held that where, on a former appeal, the appellate court indicated the instructions that should be given on a new trial, and the evidence on the new trial, as is the case here, is substantially the same as on the previous trial, no instructions other than those indicated should be given. We have also held that where the evidence was the same on different trials, defendant, having failed to request an instruction on the first trial based upon the evidence, or want of evidence, was concluded from complaining of the court's refusal to give such instruction on the last trial. L. & N. R. R. Co. v. Setser's Admr., 149 Ky. 162; Ky. Traction & Ter. Co. v. Denning's Admr., 159 Ky. 502; Standard Oil Co. v. Marlow, 162 Ky. 1; Kirchdorfer v. Ward, 167 Ky. 298; C., N. O. & T. P. Ry. Co. v. Goode, 169 Ky. 102. It follows from what has been said that appellants are not entitled to the reversal of the judgment of the circuit court upon the second or third grounds urged by them.

The trial court's refusal of the continuance, set forth by appellants' first contention, constitutes their chief complaint. The motion for a continuance was based upon the affidavits of the appellant Mary Hostetter, one of her counsel, two physicians, a trained nurse and one or two of her children, to the effect that she was afflicted with diabetes and so ill therefrom that she was unable, without great danger to her life, to attend the trial, and such had been her condition of health for three or four months; that she was also too ill from this disease to give her deposition between the first of January and the date of the trial. The affidavits of Mary Hostetter, her counsel and children were further to the effect that the appellant J. P. Hostetter's condition of mind was such, both at the time of the trial and for many months previous thereto, that he was unable to understand the issues involved in this case or to give his counsel any information or assistance with respect to the evidence upon which he

and his wife would have to rely in making defense to the action. There was also filed an affidavit of another of appellants' counsel stating that his employment in the case occurred only about two weeks before the time fixed for the trial thereof, which had prevented him from making the necessary preparation for the trial.

It appears from the record that this action was instituted February 19, 1910. Following the decision of this court on the second appeal, the mandate was filed in the circuit court, with proper notice, on the fifth day of January, 1915, and the case set for trial on the 26th day of January, 1915. When called for trial on that day appellants answered not ready and asked a continuance, whereupon the court reassigned the case to January 28, 1915. On January 28th it was again called for trial, but appellants again answering that they were not ready, the court continued the case to the March special term and set it on the docket for trial on the 29th day of March, 1915. On that day appellants again moved for a continuance, filing in support of the motion the affidavits referred to. The affidavits fail to show any belief or expectation of improvement in the health of Mary Hostetter or in the mind of J. P. Hostetter, or that either would be able to attend the trial or testify at the next regular term of the court, beginning the first Monday in September, 1915, or ever be able to do so. If the health of the one and the unsoundness of mind of the other could not be expected to improve between the time of the trial and the succeeding or some later term of the court, it is not perceived in what way they would have been benefited by the continuance of the case. Neither of the physicians whose affidavits were filed on the motion for the continuance made any statement with respect to the condition of the appellant J. P. Hostetter's mind, and it is not disclosed that any member of his family regarded him of sufficiently unsound mind to cause an inquest to be held by which it might be judicially determined whether his want of mental capacity was partial or total, or for the purpose of procuring the appointment of a committee to take charge of his business and conduct his defense in this case. If, as stated by the physicians, the disease of Mary Hostetter was permanent and incurable, and, as stated in the affidavits of some of the other witnesses, the mind of J. P. Hostetter appears to be permanently affected and unsound, there would have been the same

necessity for a continuance at the September term, 1915, of the court as there was at the March called term preceding. There was no sufficient showing that appellants would have been benefited by the continuance asked or that it was necessary to their making a proper defense. It is true, the affidavit of one of their attorneys showed that his employment by appellants was effected only two weeks before the trial of the case, but this did not authorize the continuance, as appellants' other attorney had been connected with the case at the time of one or both of the previous trials, and, in the absence of a showing to the contrary, the trial court had the right to assume that his familiarity with the case and skill as a lawyer, supplemented by the ability and assistance of the counsel later employed, would enable appellants to obtain the full benefit of whatever defense could be made for them. Obviously, this assumption of the court was not unwarranted, as the record discloses the fidelity and skill with which both attorneys conducted the defense, and the fact that the trial resulted disastrously to appellants, was a result for which their attorneys were in no wise to blame.

In the case of Rose v. Monarch, 150 Ky. 129, the principal ground for the reversal of the judgment was the refusal of the trial court to grant the appellants a continuance of the case on account of the illness of the appellant H. E. Rose from an incurable disease, on account of which two previous continuances of the case had been granted. In holding that the continuance was properly refused, we said:

"If, then, appellants were entitled to a continuance at the September term, 1911, because of the same condition, resulting from the same disease, they, for a like reason, would be entitled to a continuance at the next term, and so on until H. E. Rose died. It appears from the affidavits of the physicians that H. E. Rose is a non-resident, and is suffering from a permanent disease. There is in the affidavits filed at the September term, 1911, no allegation that H. E. Rose would probably recover, or that if the case was continued, he would be able at any time in the future either to attend the trial in Owensboro, or to give his deposition. While courts are, and ought to be, very indulgent in the matter of granting a continuance because of the illness of parties, and their consequent inability to be present at the trial, or to give their deposi-

tions, yet, where there has been one continuance by consent on account of sickness, and another continuance by the court for the same sickness, and the parties are ruled to prepare their case and be ready for trial at the next term of court, no continuance should be granted on account of the same sickness of the same party, rendering him unable to attend the trial or give his deposition, unless it be made to appear in the affidavit that there is a reasonable probability of the party's recovery, and of his being able either to attend the trial or give his deposition within a reasonable time. If the rule were otherwise, no party could ever get a trial in a case against one who was suffering from a permanent disease, and whose condition was gradually growing worse; thus placing upon the one that is well the whole burden of the other's sickness, and jeopardizing his property rights for an unreasonable length of time. Upon the facts of this case, we conclude that the court did not abuse its discretion in refusing a continuance.''

The facts of the case, *supra,* differ from those of the instant case in one respect only. There the appellants had previously been ruled to prepare their case and be ready for trial at the succeeding term of court. Here, such rule had not been made, but there was the same indulgence shown by the trial court in granting continuances as in that case. In this case there was, as in that, the same reasonable certainty that there would be no such favorable turn to the illness of one of the appellants or in the condition of mind of the other, as would enable them to be present at a future trial of the case or give their depositions therein. In addition, in this case the appellants were given an advantage which did not accrue to the appellants in the case, *supra,* for they obtained on the trial the benefit of the testimony each had given on the second trial of the case, such testimony being furnished by the transcript made from the stenographer's notes of the evidence and, by order of the court and consent of appellee, read as if taken as the depositions of the appellants, respectively.

The reversal of a case because of a refusal by the trial court of a continuance will not be adjudged by this court, in the absence of a clear showing that such refusal was an abuse of discretion, which was not the case here.

Judgment affirmed.