Argued September 30, affirmed October 14, 1924, rehearing denied April 7, 1925.

# WILLIAM RENNEWANZ *v.* DR. CHARLES J. DEAN.

## (229 Pac. 372.)

**Appeal and Error—Denial of Motions not Reviewable on Appeal in Absence of Record Disclosing Exceptions.**

1. Denial of motion for nonsuit and refusal to withdraw parts of complaint from consideration of jury *held* not available on appeal, where record does not disclose exceptions thereto.

**Trial—Refusal to Direct Special Finding Discretionary With Court.**

2. Under Section 154, Or. L., providing that court in other than certain cases may direct jury to find special verdict on all or any of the issues, the refusal to direct a special finding is wholly within court's discretion, and will not be reviewed by appellate court.

**Physicians and Surgeons—Gross Negligence, Warranting Punitive Damages, Held for Jury.**

3. In action against physician for malpractice in treatment of hemorrhoids, question whether defendant's treatment of plaintiff was reckless or grossly negligent so as to warrant allowance of punitive damages *held* for jury.

**Physicians and Surgeons—Punitive Damages Allowed for Gross Negligence.**

4. Punitive damages are awarded where physician in treatment of patient is grossly negligent.

---

1.  See 9 R. C. L. 215.
2.  See 27 R. C. L. 866.
4.  See 21 R. C. L. 407.

Physicians and Surgeons—Assessment of Punitive Damages Held for Jury.

5. In action for malpractice, in which punitive damages are claimed, it is for the court to determine whether there is any evidence to go to jury on question of whether physician was reckless or grossly negligent, but, where evidence is sufficient for jury, it is for the jury to determine the fact from the evidence and to assess punitive damages, if there is any actual damages to which such damages may be added.

See 4 **C. J.** 92, 828; 17 **C. J.** 973; 30 Cyc. 1591; 38 Cyc. 1907.

From Multnomah: GEORGE G. BINGHAM, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Davis & Farrell,* with oral arguments by *Mr. W. E. Farrell* and *Mr. Paul R. Harris.*

For respondent there was a brief and oral argument by *Mr. Barnett H. Goldstein.*

BURNETT, J.—This is an action against the defendant, who is a physician and surgeon, to recover damages for malpractice upon the plaintiff in an effort to cure him of hemorrhoids. In substance, the complaint alleges that in consideration of $200, which the plaintiff paid to the defendant, the latter agreed properly and skillfully to attend the plaintiff and to treat and cure him of the disease; that in pursuance of the contract, the defendant, with a reckless indifference and wanton disregard for the life and health of the plaintiff, gave him various injections in the rectum, and that about January 15, 1923, in the office of the defendant, the plaintiff experienced a severe rectal hemorrhage. The complaint further charges that the defendant made no effort to stop

the flow of blood except to insert in the plaintiff's clothing a towel, and compelled him to lie down on a couch in an adjacent office, where he was required to lie unattended, uncared or and abandoned, continuously for a period of forty-eight hours, a large part of the time entirely alone, even at night. Practically the same matter appears in some seven paragraphs of specification, but they all amount substantially to the same thing.

Continuing, the complaint narrates the suffering and pain which the plaintiff experienced, and charged that as a direct and proximate result of the acts of the defendant therein set forth, the plaintiff was compelled to incur great expense in procuring other treatment on account of all which he claims damages.

All the charges of negligence and damages are denied. Further answering, the defendant alleges the contract of employment in somewhat different terms, substantially that he undertook to cure the plaintiff for the $200 paid him or to return the money, and that the plaintiff was being treated by the defendant, when the former, without notifying or informing the defendant, suddenly and unexpectedly ceased his treatments before the cure had been completed. The answer was traversed by the reply. A judgment resulted in favor of the plaintiff and the defendant appealed.

The errors specified in the abstract are that the court erred in denying the defendant's motion for nonsuit; in not withdrawing from the consideration of the jury on motion of defendant, the various paragraphs specifying the negligent and wanton acts of the defendant; in failing to keep from the consideration of the jury the question of punitive damages and in submitting that question to the jury at all.

The bill of exceptions consists of 475 pages, narrating the testimony, the debates of counsel before the court on the numerous objections arising during the progress of the trial, the address of counsel for the plaintiff before the jury, the charge of the court, and the motions for nonsuit and to withdraw from the consideration of the jury certain of the specifications of negligence. At the close of the case for the plaintiff, the defendant orally urged these motions. The court, however, denied them in all respects, but the record discloses no exception to that ruling. At the close of the trial, after the jury had been instructed, counsel for the defense made an exception in these words:

"One exception as to the instructions: that the court did not separate the various grounds upon which plaintiff is asking for damages, but lumped them into one sum, and for the allowance of a recovery of punitive damages to be considered by the jury."

1. As to the motion for nonsuit and to withdraw from the consideration of the jury sundry parts of the complaint, it is enough to say in the language of *Kearney* v. *Snodgrass,* 12 Or. 311, 316 (7 Pac. 309, 313):

"Be it so; but it is not error simply, but error legally excepted to that constitutes ground for reversal."

This case is a landmark in our jurisprudence, and has been followed as a precedent, even unto the present day. The exception at the close of the trial involves two propositions, one to the effect that the court erred in not separating the various grounds upon which the plaintiff asked for damages but lumped them into one sum; and the other by

allowing the question of punitive damages to be considered by the jury at all. The record does not disclose that any application was made to the court for a special verdict. Section 154, Or. L., reads thus:

"In every action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict upon all or any of the issues; and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing. The special verdict or finding shall be filed with the clerk and entered in the journal, as provided in Chapter III of this title."

2. The language of this statute is not mandatory upon the court or upon the jury and it has been often held that the refusal of the court to direct a special finding is wholly within its discretion and will not be reviewed by the appellate court: *White* v. *White,* 34 Or. 158 (50 Pac. 801, 55 Pac. 645); *Swift* v. *Mulkey,* 14 Or. 65 (12 Pac. 76); *Wild* v. *Oregon S. L. Ry. Co.,* 21 Or. 159 (27 Pac. 954); *Knahtla* v. *Oregon S. L. Ry. Co.,* 21 Or. 136 (27 Pac. 91); *Fox* v. *Tift,* 57 Or. 268, 275 (Ann. Cas. 1912D, 845, 111 Pac. 51); *C. & O. Ry. Co.* v. *Johns Admx.,* 155 Ky. 264 (159 S. W. 822, 50 L. R. A. (N. S.) 853).

3. As to the matter of punitive damages, there is testimony to the effect that after the plaintiff had been taking treatments from the defendant at the latter's office for nearly two weeks by the injection of some drug into the hemorrhoidal tumors with which he was afflicted, he suddenly one morning experienced a severe hemorrhage from the rectum and had to be assisted to a couch in the defendant's office. During the first day of his ensuing illness the

defendant gave him some hypodermic injections in the arm, and some pills, but compelled him to lie on that couch with part of his clothing on, without making any provisions for his cleanliness or sustenance, and, although the hemorrhage continued, he left him to lie there alone during the first night of his stay without any attention, and during the next twenty-four hours took no steps whatever to arrest the hemorrhage, which continued until the plaintiff was too weak to stand alone, his eyes were sunken back in his head, and he was so exhausted and wasted by the loss of blood that his wife, who came on his summons from Dayton, Washington, hardly knew him when she saw him. Under such circumstances the jury was authorized to conclude that the defendant's treatment of the plaintiff was reckless, or even grossly negligent, for the sequel shows that after he was removed to a hospital at the instance of his wife, at the end of the forty-eight hours, the plaintiff remained there for about a month, required surgical operations to arrest the flow of blood and that even now he has not sufficiently regained his strength to resume his occupation of farming.

It is not the purpose of this opinion to pass upon whether the defendant was in very truth reckless, grossly negligent, or negligent at all. Those are questions for the jury. All that we can say with propriety is that the record discloses evidence that the jury might consider and find against the defendant therefrom on that issue.

It is said in *Searcy* v. *Golden*, 172 Ky. 42 (188 S. W. 1098):

"The rule is that punitive damages can be allowed for negligence only where the evidence shows recklessness or indifference to the safety of others, or

where the injury is malicious or wanton, or the negligence is gross. *Straight Creek Coal Co.* v. *Huddleston's Admr.,* 147 Ky. 94 (143 S. W. 775); *South Cov. & C. St. Ry. Co.* v. *Barr,* 147 Ky. 549 (144 S. W. 755); *Woody* v. *Louisville Ry. Co.,* 153 Ky. 14 (154 S. W. 384). And it has been further said that, to warrant punitive damages, the injury need not result from an intentional wrong; a showing of reckless conduct, or such gross negligence as to indicate a wanton disregard of others, being sufficient."

Likewise in *Birmingham Waterworks Co.* v. *Brooks,* 16 Ala. App. 209 (76 So. 515) it is said:

"The uniform holding of the Supreme Court is that exemplary damages are not classed as special damages, and need not be specially claimed to authorize the imposition of such damages, and, although not specially claimed, if the evidence shows that the tort was committed wantonly or willfully, or with circumstances of aggravation, such damages may be awarded. (Citing cases.) From these authorities it is manifest that it is not necessary to the awarding of exemplary damages that the plaintiff show wantonness or willfulness in the commission of the tort; but such damages may be awarded, if the commission of the tort is attended with circumstances of aggravation, and therefore may be awarded in a case involving a charge only of simple negligence. * *

" 'As a general rule of pleading, it is not necessary to claim exemplary damages by name, it being sufficient if the facts alleged and proof be such as to warrant their assessment.' 8 R. C. L., p. 626, § 169. That the complaint in this case, though declaring on simple negligence, by stating the facts under which the alleged tort was committed, brings the case within the general rule, and under it exemplary or punitive damages may be awarded."

In *Kansas Pacific Ry. Co.* v. *Kessler,* 18 Kan. 523, the court, speaking by Mr. Justice BREWER, afterwards a member of the Supreme Court of the United States, allowed exemplary damages to a plaintiff who was put off a railway train after having bought a ticket and entered the cars upon the assurance of the station agent that that train would carry him to his destination. The company had been carrying passengers on that train up to a short time before the ticket was purchased and then had promulgated a rule that no passengers would be carried after that time. It had communicated this regulation to the train men, but the ticket agent who sold the ticket had not received notice of it. These circumstances supported the proposition that the matter could go to the jury upon the question of punitive damages.

4, 5. Of course, such damages would be allowed in a case where the evidence was sufficient to show a malicious desire on the part of the defendant to inflict injury upon the plaintiff, as in aggravated cases of assault or battery and the like. The authorities, however, are numerous that punitive damages will also be awarded where the conduct of the defendant is reckless, like as if he knew the danger impending to the plaintiff, but proceeded with manifest indifference to the result. Likewise, such damages are awarded where the defendant is grossly negligent. It is for the court to determine whether there is evidence to go to the jury upon the subject. It is for the jury to determine the fact from the evidence, and it is the exclusive province of the jury to assess punitive damages if there is any actual damage to which the exemplary damages may be added.

There is no error apparent in the record. The judgment is affirmed.                              AFFIRMED.

McBRIDE, C. J., not sitting.