CASE 90.—PERSONAL INJURY ACTION BY HARRISON BUR-
DEN AGAINST THE ILLINOIS CENTRAL RAILROAD
COMPANY.—October 14.

## Burden v. Illinois Cent. R. R. Co.

Appeal from Ohio Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendant, plaintiff appeals — Affirmed.

Negligence—Use of Premises—Obstructions—Liability.—An indi-
vidual built a walk from the grade of the main line of a
railroad to his store, 40 feet away. Two feet from the end
of the walk, and about 6 inches above it, the railroad com-
pany maintained a signal wire as a necessary appendage of
the railroad. A pedestrian, who knew of the existence of the
wire, was injured by coming in contact therewith. Held, that
the company was not liable for the injuries sustained.

HEAVRIN & WOODWARD for appellant.

H. P. TAYLOR and TRABUE DOOLAN & COX for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Appellant, Harrison Burden, instituted this action against appellee, Illinois Central Railroad Company, to recover damages for personal injuries. At the conclusion of plaintiff's testimony the trial court gave a peremptory instruction in favor of appellee. Of this ruling of the court, Harrison Burden complains.

It appears that in the town of Horse Branch one Walker Myrtle, a druggist, had built a plank walkway from the grade of the Illinois Central's main line to his storehouse, a distance of about 40 feet. This walkway had been used by Myrtle's customers for a great many years. Two feet from the end of the walkway, and about 6 inches above it, the appellee had stretched a signal wire, which was a necessary appendage of the railroad at that place. On the 13th day of December, 1906, appellant, who lived on the opposite side of the railroad's right of way, crossed its track and proceeded to the drug store to get medicine for a sick child. As he returned with the medicine his foot caught in the signal wire, causing him to fall and thereby injure his hand. Appellant testified that he lived near Horse Branch about 26 years. On the occasion in question he had a sick boy and went to Myrtle's drug store to get some medicine for him. After procuring the medicine he started back, and in some manner got tangled up in the wire and injured his hand. The wire was drawn tight, was about 6 inches above the platform, some 2½ feet above the ground, and about 2 feet from the end of the platform. Large numbers of people went across

the track at that point and traveled the platform to
and from the drug store.

After testifying to the above facts, appellant testi-
fied as follows: "Q. How long has that wire been
placed across the edge of the platform? A. Why, I
think it has been there something near a year; a
little over a year. Q. How long had it been there
before the injury happened? A. I don't know ex-
actly how long it had been there; had not been there
a great while, though. Q. You knew that it was
there before the injury happened? A. Yes, sir. Q.
You had seen it time and again? A. Yes, sir. Q.
You had seen it when you went into the store to get
the medicine on the occasion of your injury? A.
Yes, sir. Q. You knew it was there on the occasion
of your coming out of the store? A. Yes, sir. Q.
You knew it was there all the time? A. Yes, sir.
Q. Whether you saw it or not, when you stumped
your toe on it and fell, you knew it was there? A.
Yes, sir. By the Court: Mr. Burden, do I understand
you to say that you had seen this wire there before
this day? A. Yes, sir. Q. And you knew it was
across there? A. Yes, sir; I knew it was across
there. Q. And knew who put it there? A. Yes, sir."
Again, on cross-examination, he was asked: "Q.
You just forgot about the wire being there and
started across—that is all there is to it? A. I didn't
see it. Q. You remembered it was there, but didn't
see it? A. Yes, sir; I knew it was there."

There are authorities holding that, while the owner
of private property is not obliged to make it safe for
trespassers, or even for mere licensees, yet, if the
circumstances have been such as to amount to a de-
votion of the property temporarily to the public use,
care must be taken not to make it unsafe until proper

notice of the change has been given.   Note to Lepnick
v. Gaddis, 26 L. R. A. 686.   So, too, it is said to be
a sound and just conclusion that an owner or occupier
of land, who has given to the public, or to a particu-
lar person or corporation, a license to come upon or
to cross his premises, or to establish a private way, or
even a railway, thereon, must, before exercising his
power to revoke such license, anticipate that danger
may accrue therefrom to those who have been ac-
customed to use the license, and is, therefore, bound
to notify them of such revocation, and to warn them
of any fence, obstruction, or other dangerous means
to which he may have resorted to exclude them from
his premises.   So, if the public have been accustomed
to drive, though without right, across the land of a
proprietor, who, in order to stop them from doing so,
stretched across the traveled way, without any warn-
ing to the public, a barb-wire fence which is invisible
after dark, and, not knowing the existence of the
obstruction, a traveler drives upon it, injuring his
horse, he will have an action for damages against the
landowner.   Thompson on Negligence, vol. 1, section
1016.   We have not been able to find any authority
holding that, where a landowner puts an obstruction
on a right of way across his premises, he is liable
in damages for the injury to the licensee who had
actual notice of the obstruction.

The evidence in this case shows that the signal
wire, the obstruction complained of, had been across
the platform for about a year, and that appellant
knew it was there.   He not only knew it was there,
but saw it on the occasion that he went into the drug
store to get the medicine.   He was not, therefore,
entitled to notice of a fact which he well knew.   In
such cases there is no liability for injuries to per-

sons who have actual knowledge of the obstruction.
We therefore conclude that the trial court properly
instructed the jury to find for appellee.

Judgment affirmed.