## Louisville & Nashville Railroad Company v. Haverly, By, etc.

(Decided March 10, 1922.)

### Appeal from Laurel Circuit Court.

Railroads—Federal Control Act—Negligence.—No liability for negligence arising out of the operation of a railroad by the Director General under the Federal Control Act is imposed upon the owner company, and an action for damages therefor cannot be maintained against the company.

B. D. WARFIELD, GEORGE G. BROCK and H. J. JOHNSON for appellant.

B. G. REAMS and C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The infant appellee, suing by his next friend, instituted this action against the appellant, Louisville & Nashville Railroad Company, to recover damages for injuries sustained in the defendant company's yards at Corbin, Kentucky, in the month of October, 1918.

Upon the ground that the alleged negligence arose out of the operation of its railroad by the Director General of Railroads under the Federal Control Act and that it was therefore not liable for the alleged negligence and injury, the defendant company filed a motion to dismiss and a

demurrer to the petition before answering, and at the close of plaintiff's evidence filed a motion for a directed verdict, all of which were overruled. The trial resulted in a verdict and judgment for plaintiff for $5,017.00.

Numerous grounds are relied on for reversal which need not be stated since it is clear that the action was improperly brought and erroneously allowed to proceed to judgment against the railroad company.

This court has decided several times and it is now finally settled by a recent decision of the Supreme Court of the United States that no liability for negligence arising out of the operation of a railroad by the Director General under the Federal Control Act is imposed upon the owner company and that an action for damages therefor cannot be maintained against it. Mitchel, By, etc. v. Cumberland T. & T. Co., et al., 188 Ky. 263; Commonwealth of Kentucky v. L. & N. R. R. Co., 189 Ky. 309; Same v. Same, 190 Ky. 78; Rogers Bros. Coal Co. v. Hines, Director General, etc., decided by this court February 21, 1922, and Missouri Pacific R. Co. v. Ault, U. S. Adv. Ops., 1920-21, page 647.

The fact that plaintiff's alleged cause of action arose out of the operation of defendant's railroad while under Federal control was manifested not only by the motion to dismiss but by plaintiff's petition and evidence as well; hence the trial court for this reason should not have overruled the motion to dismiss, the demurrer or the motion for a directed verdict.

Wherefore, the judgment is reversed with directions to dismiss the petition against the defendant company.