## Payne, Agent v. Ramsey.

(Decided June 2, 1922.)

## Appeal from McCreary Circuit Court.

1. Railroads—Unauthorized Judgment Against Director General—Pleading.—Appellee was injured on the right of way of a railway company, which was then under the control and in the possession of the Director General. He sued the railway company and the action proceeded against it until a reply was filed, when he substituted in the caption of his reply the name of the Director General for that of the railway company, but no amended petition was filed and no order entered substituting the Director General for the railway company. Held, that a judgment against the Director General was unauthorized under the pleadings.

2. Railroads—Injury in Walking Over Cattle Guards—Negligence.—One who voluntarily starts to walk across a cattle guard covered with snow and ice, the condition of which is apparent to him, and slips and falls, injuring himself, cannot recover, as the injuries must be held to be the result of his own voluntary act.

TYE & SILER, JOHN GALVIN and EDWARD COLSTON for appellant.

H. C. GILLIS and H. M. CLINE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

Appellee recovered a judgment in the McCreary circuit court for $250.00 damages against appellant for injuries sustained on the 24th day of January, 1918. An appeal is asked on the ground that the lower court should have directed the jury to return a verdict for the Director General at the conclusion of the plaintiff's evidence.

There was but one witness, the plaintiff, who testified that he was employed by the United States government to

carry mail bags and place them upon the mail crane beside the track of the C. N. O. & T. P. Railway Company at Pine Knot. He had been engaged in this service several months prior to November, 1917, at which time the right of way was fenced on both sides and a cattle guard placed at the end of the fences. After that time, according to his testimony, it was necessary for him to cross the cattle guard in going to and returning from the mail crane. This he did twice a day until the date of the accident. There were snow and ice on the cattle guard at the time of the accident and in attempting to walk across it he fell and injured one of his legs. He claims that the negligence of appellant consisted in failing to furnish him a better route to the mail crane and also in failing to remove the snow and ice from the cattle guard.

There are two grounds on which the judgment must be reversed. The first is, that the suit was brought against the C. N. O. & T. P. Railway Company and proceeded against that company until the plaintiff filed a reply, at which time he changed the style of the action from James Ramsey v. C. N. O. & T. P. Ry. Co., to James Ramsey v. John Barton Payne, Director General of Railroads as Agent. Thereafter the action proceeded in the style indicated in the reply, but no order was entered substituting the Director General for the railway company and a judgment was rendered against the Director General who had not been sued and who was not a party to the proceeding in any way other than as we have stated. When the accident happened the property of the C. N. O. & T. P. Railway Company was in the possession and under the control of the Federal government, operated by the Director General of Railroads. A judgment could not be rendered against the Director General in a suit brought against the railway company and in which the Director General had never been substituted for the railway company or formally made a party to the proceeding. (Commonwealth v. L. & N. R. R. Co., 189 Ky. 309; Rutherford v. Union Pacific R. Co., 254 Fed. 880; Dahn v. McAdoo, Director General, &c., 256 Fed. 549; Nash v. Southern Pac. Co., 260 Fed. 280; Blevins v. Hines, Director General, 264 Fed. 1005.)

The judgment would have to be vacated even if the suit had been filed against the Director General or he had been properly made a party to it. The evidence shows that appellee knew the snow and ice were on the cattle guard and voluntarily started to cross it. He knew as

well as, or better than, any one else what the condition of the walkway was and whether it was safe to attempt to cross the guard. If there was danger he knew it, and one cannot voluntarily walk into an obviously dangerous place and escape responsibility for his own act. Regardless of whether it was or was not the duty of the Director General to furnish him a better way to reach the mail crane, a question which need not be decided, he cannot recover. We do not consider that the failure to remove the ice and snow violated any duty owing appellee. But if it be assumed that appellant was negligent in that respect, appellee was also guilty of negligence but for which he would not have fallen, for he deliberately undertook to use a way, the dangers of which, if there were dangers, were perfectly apparent to him. He cannot hold another responsible for injuries resulting from his voluntary act, the probable consequences of which he better than any one else knew. There was a complete failure on his part to show a maintainable cause of action for the injuries alleged. (Burden v. I. C. R. R. Co., 129 Ky. 764; Ky. Wagon Mfg. Co. v. Gossett, 142 Ky. 842; Gossett v. Ky. Mfg. Co., 153 Ky. 101; Paducah Pole and Timber Co. v. Brockwell, 161 Ky. 424; Jaegar v. City of Newport, 155 Ky. 110; Varney v. City of Covington, 155 Ky. 662.)

The motion for an appeal is allowed and the judgment is reversed for proceedings not inconsistent with this opinion.