## Louisville & Nashville Railroad Company v. Nelson.

(Decided June 5, 1923.)

### Appeal from Laurel Circuit Court.

1. Evidence—State Court Takes Judicial Notice of Federal Control of Railroads.—Under Constitution U. S., article 6, making that instrument and the laws enacted pursuant thereto the supreme law of the land, state courts are required to take judicial notice of acts of Congress, and will therefore take judicial cognizance of the fact that on February 21, 1919, a particular railroad was being operated under act of Congress, March 21, 1918 (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, sections 3115¾a-3115¾p), by a Director General, and not by the railroad company.

2. Railroads—Injured Employe of Director General Cannot Recover Against Company.—A railroad employe who was injured while the railroad was being operated by the Director General cannot recover for his injuries from the railroad company, since the relation of master and servant did not exist between him and the company

at the time he was injured, and the company was neither civilly nor criminally liable for the operation by the Director General.

B. D. WARFIELD and GEORGE G. BROCK and H. J. JOHNSON for appellant.

HAZELWOOD & JOHNSON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellee brought this action for damages against appellant because of certain personal injuries alleged to have been received by him on the 21st of February, 1919, by reason of appellant's negligence and that of its officers and agents. He alleges he was at the time employed by appellant and was, when he received his injuries, engaged in interstate commerce, and is seeking to recover under the provisions of the federal Employers' Liability Act. The action was alone against the Louisville & Nashville Railroad Company, the Director General of Railroads not being made a party.

Before answer defendant entered a motion to strike the name of the Louisville & Nashville Railroad Company from the petition and substitute therefor the name of the Director General of Railroads, which motion was overruled by the court. In the written motion appellant called attention to the acts of Congress providing for the federal control of railroads and the executive orders thereafter made by the officials of the federal government, placing the same under such control. The defendant likewise demurred to the petition as amended, which demurrer was overruled.

At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, defendant asked the court to peremptorily direct the jury to find for it, which motion on each occasion was overruled.

The only two questions necessary to consider are: (a) Will the courts of this state take judicial notice of the fact that on the 21st day of February, 1919, the railroads of this country were being operated under an act of Congress by a Director General; and (b) can there be a recovery against a company which is the owner of a railroad which is at the time being operated by the federal government under an act of Congress?

Under the federal Constitution, article 6, that instrument and the laws of the United States enacted pursuant thereto are declared to be the supreme law of the land, and state courts are bound thereby notwithstanding any provision in any state Constitution or law. Under that provision it has been consistently held that the courts of the several states are required to take judicial notice of the acts of Congress and their provisions, and we will therefore take judicial cognizance of the fact that on February 21, 1919, the Louisville & Nashville Railroad was being operated under the acts of Congress by a Director General, and not by the Louisville & Nashville Railroad Company. L. & N. Railroad Company v. Scott, 133 Ky. 724; Lemon's Admr. v. L. & N. Railroad Company, 137 Ky. 276.

Inasmuch then as the Louisville & Nashville Railroad was at the time of plaintiff's injury being operated by the federal government through its Director General, it seems perfectly clear that the relationship of master and servant did not, and could not, have existed between appellee and appellant at the time of the injury.

It has been distinctly held by this court that the owner of a railroad is neither civilly nor criminally liable for its operation during the term of federal control. Commonwealth v. Louisville & Nashville Railroad Co., 189 Ky. 309; Rogers Bros. Coal Co. v. Hines, D. G., 193 Ky. 795; L. & N. Ry. v. Haverly, 194 Ky. 152; Payne, Agent v. Ramsey, 195 Ky. 117; Director General v. Chapman's Admrx., 195 Ky. 364; Louisville & Nashville Ry. Co. v. Banks' Admr., 195 Ky. 804.

It results from what we have said the trial court erred in not sustaining the motion for a directed verdict. The judgment is reversed with directions to grant appellant a new trial and for further proceedings consistent herewith.