## Blackburn, Executor v. Louisville & Nashville Railroad Company.

(Decided February 29, 1924.)

### Appeal from Grant Circuit Court.

1.   Railroads—Owner Not Liable on Causes of Action Arising During Federal Control.—The corporate owner of a railroad is not liable for any causes of action arising out of the operation of the railroad by the government during federal control, and there was not a divided responsibility during such control between such owner and the government agency that was operating the railroad.
2.   Evidence—Judicial Notice that Railroad Under Federal Control at Certain Time.—The court must judicially know that the Louis-

ville & Nashville Railroad was in the possession of the United
States government and was operated by it through the Director
General of Railroads in September, 1919, pursuant to Act Cong.
Aug. 29, 1916 (U. S. Comp. St. section 1974a), and others of later
date.

3.　Railroads—Motion to Make Director General of Railroads and
Agent Defendant to Action Properly Denied.—Where action was
brought against a railroad for injuries received when the road
was under federal control, the court properly denied a motion to
make the Director General of Railoads and Agent a party de-
fendant to the action, since to have sustained the motion would
have made it appear that there was a joint liability, and that
either of the defendants might have been liable in damages.

4.　Railroads—Motion to Substitute Director General as Party De-
fendant Not Proper Practice.—Where action was brought against
a railroad which should have been brought against Director Gen-
eral of Railroads, an oral motion to substitute the Director Gen-
eral as defendant was not the correct method, but plaintiff should
have filed an amended petition substituting the name of the
Director General in place of the railroad company.

DICKERSON & HOGAN for appellant.

B. D. WARFIELD, MOORMAN & WOODWARD, De JARNETTE
& HARRISON and BECKHAM, HAMILTON & BECKHAM for appel-
lee.

OPINION OF THE COURT BY JUDGE ROBINSON—Affirm-
ing.

In September, 1919, J. J. Leary, a citizen and resi-
dent of Grant county, Kentucky, was struck and seriously
injured by a work train on the side track of the L. & N.
Railroad Company at Zion Station. It appears that this
track lay between the main track of the road and the
depot, and it was necessary for passengers and the pub-
lic to cross it in passing to and from the depot, and that
for a number of years the public had been accustomed
to use this siding and travel upon it. Just before he was
struck by the work train, Leary, desiring to speak to an
engineer who was in his engine on the main track and
opposite the depot, started across in his direction and
apparently not seeing the work train on the siding—
which he claims was giving no signal of any kind—was
seriously injured. Suit for damages in the sum of $5,-
000.00 was instituted by his attorneys, and while the

litigation was pending, Leary died, and the action was revived in the name of H. M. Blackburn, executor of J. J. Leary, deceased. A general demurrer to the petition of the plaintiff was interposed, but an answer was filed while this demurrer was pending, and no ruling was had upon it. The answer contained a denial of the allegations in this petition generally and specifically, but alleges contributory negligence on the part of the plaintiff; and no reply was ever filed controverting the averments of the answer.

The case having been set for trial on the 19th of October, 1920, plaintiff entered an oral motion to make John Barton Payne, Director General of Railroads and Agent, a party defendant herein, to which the defendants objected and they were sustained by the court. The case was continued a number of times, and finally on the 10th of February, 1922, the following order and judgment was entered:

"H. M. Blackburn, executor, v. L. & N. Railroad Company. This case coming on for hearing and the court being advised, the petition is dismissed and defendant will recover its costs herein expended,"

from which order and judgment this appeal is prosecuted.

From the transcript it would appear that appellant, realizing that the L. & N. Railroad was under the control of the Director General of Railroads, endeavored by an oral motion instead of an amended petition to have such Director General made a party defendant in the action originally instituted. In other words, from the motion it would appear that it was contemplated that the corporate defendant should remain in the case as such, and that the Director General would simply be an alternative defendant. Apparently the court could have done nothing other than sustain the appellee's objection to this motion, as it has been settled beyond question by opinions of this court and of the Supreme Court of the United States that the corporate owner of the railroad is not liable for any causes of action arising out of the operation of the railroads by the government during federal control; and also that there was not a divided responsibility during such control between such owner and the government agency that was operating the railroad.

In Commonwealth v. L. & N. Railroad Company, 189 Ky. 309, the court said:

"The effect of federal control was to divest the railroad companies of the possession of their property and to place its entire custody and control and the operation and maintenance thereof in the federal government through its Director General of Railroads."

Also:

"The Federal Control Act contemplated one control, one administration, one power for the accomplishment of the one purpose, viz.: the complete possession by governmental authority to replace for the period provided the private ownership theretofore existing."

Attorneys for appellant contend that there is nothing in the record showing that the Director General was operating the L. & N. Railroad at the time this suit was filed; and unless this court will take judicial notice of that fact, the judgment was clearly erroneous; and they further contend that the court cannot take judicial notice that the Director General was in possession and control of the railroads at the time of the accident; but as the petition alleging the injury was filed in September, 1919, this court must judicially know that appellee was not occupying its railroad at that time and its property was then in the possession of the United States government and was operated by it through thte Director General of Railroads, pursuant to an act of Congress, August 29, 1916, and others of later date.

This court has decided in numerous cases that an action cannot be maintained against a corporate owner for anything growing out of the operation of a railroad during federal control. See L. & N. Railroad Company v. Haverly, 194 Ky. 152. It would, therefore, necessarily follow from what has been stated that neither Leary in his lifetime nor his executor after his death had any cause of action whatever against the appellee for the injury Leary sustained in September, 1919, while the railroad was being operated by the government. It is also further argued in appellant's brief that the lower court erred in refusing to grant his motion to substitute Payne, Director General of Railroads and Agent, as the defend-

ant to the action. If this had been his motion, a rather different question would be presented; but on page 12, transcript, we observe that his motion was not to substitute the Director General for the corporate defendant but simply to make John Barton Payne, Director General of Railroads and Agent, a party defendant herein. In other words, it would appear that in appellant's motion he contemplated that the corporate defendant should remain in the case as such and that the Director General would be simply an alternative defendant. However, the question has been well settled by opinions of the Supreme Court and this court that the corporate owner of the railroad is not liable for causes of action arising out of the operation of the railroad by the government during federal control. See U. S. & Northern Pacific Railroad, et al. v. State of N. Da., 250 U. S. 135; Commonwealth v. L. & N. Railroad, 189 Ky. 309; Mo. Pac. R. Co. v. Ault, 256 U. S., 554.

To have sustained this motion, even if it had been properly made, would make it appear that there was a joint liability and that either of the defendants might have been liable in damages to appellant.

However, in passing upon this case the court feels, regardless of other contentions, that the manner of making the motion relative to the substitution of John Barton Payne, Director General of Railroads, a party defendant was wholly improper and unavailing. It appears that it was made orally, which fact is admitted by appellant's counsel; and if this was accepted as the proper procedure, it would cause endless confusion and serious injustice to litigants, conceding, as it would, the propriety of simply suggesting to the court at any time that the wrong party had been sued, and substituting without more ceremony the name of any other defendant appearing expedient or proper to counsel. It appears that the correct method would have been to file an amended petition substituting the name of John Barton Payne, Director General of Railroads, in the place of the L. & N. Railroad Company, against whom a judgment for damages—if one were obtained—would have been available. Therefore, we think the action of the court in dismissing this petition was entirely proper.

The judgment is affirmed.