## Gossett v. Kentucky Wagon Manufacturing Co.

(Decided March 25, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas, Second Division).

Appeal—Opinion on Former Appeal Law of Case.—The opinion delivered on a former appeal is the law of the case and controls its

determination on a subsequent appeal, unless the proof on the second trial was substantially different from that on the first trial, and a slight variation in the testimony is not sufficient.

M. A., D. A. & J. G. SACHS and O'DOHERTY & YONTS for appellant.

HELM & HELM for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The facts of this case are fully set out in the opinion delivered on the former appeal. (See Ky. Wagon Mfg. Co. v. Gossett, 142 Ky. 842.) On that appeal it was held that under the evidence the court should have peremptorily instructed the jury to find for the defendant, and the judgment was reversed for the failure of the court to so instruct the jury. On the return of the case to the circuit court, it was tried again, and at the conclusion of the plaintiff's evidence the circuit court instructed the jury peremptorily to find for the defendant. The plaintiff's petition having been dismissed, he appeals.

When the case was here before, it was exhaustively considered by the whole court. The opinion then delivered is the law of the case, and is binding no less on this court than on the circuit court, unless the proof on the second trial was substantially different from that on the first trial. It is insisted that on the second trial the plaintiff proved by several expert wtinesses that the rod on which the plaintiff stepped was put there for that purpose, and would necessarily be used by one in painting the structure; also that it is incumbent on the owners of such structures to have them inspected at certain intervals of time and that appellee had failed to do this.

As to the first of these positions the contention is not new for the same thing was pressed upon our attention on the former appeal. It is true the witnesses referred to as experts were not introduced on that trial; but there was other testimony which was relied on to establish the fact. It is manifest that the rods were put in to prevent the pipe from buckling and leaking at the joints. They were not put there for a man to stand on and appellant admits himself that the rods were placed there to steady the pipe; for anybody could see this, and anybody would know that an iron rod of that size was not intended for

people to stand on.  The guy rods were only at points 24 and 48 feet from the ground.  What they were placed there for and for what purposes they might be used, must be determined from the physical facts and not from the opinion of other painters introduced by appellant as experts on the question.

The proof on the second trial as to the structure not having been painted or inspected is practically the same as at the first trial.  The fundamental difficulty of appellant's case is that he undertook to paint the structure as an expert in perilous work of this sort.  He went over the structure and looked at it before he undertook the work, and it was incumbent on him to know that these little rods were safe for that purpose before trusting his weight upon them.  If upon a second appeal the judgment of the court on the first appeal was disregarded for such slight variation in the testimony as we have here, litigation would be interminable, and the circuit judges could not know how to dispose of the business before them.  The substance of the plaintiff's case on this appeal is the same as it was on the former appeal, and the same line of argument which is made on this appeal, was pressed upon us then.

Judgment affirmed.