## Louisville & Nashville Railroad Company v. Cox.

(Decided May 28, 1913.)

Appeal from Kenton Circuit Court
Criminal, Common Law and Equity Division).

1.  Verdict—Reversal of Judgment Because Excessive—New Trial—
    Evidence.—Where a judgment for $6,800 was reversed be-
    cause the verdict was excessive, and in the opinion certain in-
    structions were directed to be given upon a new trial, the evi-
    dence upon the new trial being the same as on the former trial,
    and the instructions given as directed, the verdict for $2,500 will
    not be disturbed.
2.  Instructions—Refusal to Give Peremptory Instruction—Former
    Appeal—Submission.—As to the contention by appellant that a
    peremptory instruction should have been given, it is sufficient to
    say that it was expressly held on the former appeal that the
    case should have been submitted to the jury.
3.  Master and Servant—Rule as to Discharge of Employees—Un-
    written Rule—Absence of Notice to Employee—Instructions.—
    While the former opinion indicated that there should have been
    an instruction as to the existence of a rule which authorized the
    discharge of employees who were habitually garnished, the
    nature of the instruction was not indicated, and for this reason
    the question will not be deemed to have been settled in that opin-
    ion. It would be unfair for a company to have unwritten or
    secret rules under which an employee might be discharged with-
    out notice, and the idea expressed in the instruction given has
    been approved by this court. (See 107 Ky., 233).

BENJAMIN D. WARFIELD, S. D. ROUSE for appellant.

F. J. HANLON for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is the second appeal of this case, the opinion on
the former appeal being reported in 145 Ky., 667. The
verdict on the first trial was for $6,800 and the court
after going fully into the law and facts of the case and
considering every feature of it, reversed the judgment
principally for the reason that the verdict was excessive;
but it indicated certain additional instructions which
were to be given upon a new trial.

The evidence was in substance the same as on the
former trial, the additional instructions suggested were
given, and the last trial resulted in a verdict for $2,500.

It is now urged that a peremptory instruction should
have been given for several stated reasons; but it is suf-

ficient to say that it was expressly held on the former appeal that the case should have been submittd to the jury.

The only new question which is suggested in the brief of counsel, which was not necessarily involved and expressly or by implication passed upon in the former opinion, is that in its instruction the court on the last trial in dealing with the alleged rule of the company to discharge its employees, who were habitually garnished required that before the jury could find against plaintiff on that ground, they must believe that he knew or by the exercise of ordinary care could have known of the existence of such a rule; it being the contention of appellant that it was immaterial whether plaintiff knew of this rule or not. It is true the court in the former opinion indicated that there should have been an instruction upon this feature of the case, but did not in terms suggest its nature, and for that reason this question will not be deemed to have been settled in that opinion.

The evidence by one of the officers of the company is that there was such an *unwritten* rule; but there is no evidence that any such rule was printed or that any publicity was given to it.

Appellee denies that he knew of, or that he had any notice of any such rule. It is apparent that it would be unfair to an employee for a company to have unwritten or secret rules under which he might be discharged when he had no notice of them; employees are not expected to obey rules or follow regulations of which they have no knowledge. If an employer may formulate secret rules by which his employees are to be guided, and claim the right to discharge an employee who is working for him under contract because of the infraction of such rules, the employees' contract of employment would be of little value to him. The idea expressed in the instruction as given has been approved by this court in the case of the L. & N. Railroad Co. v. Bocock, 107 Ky., 233.

Judgment affirmed.