# Landers v. Cincinnati, New Orleans & Texas Pacific Railway Company, et al.

(Decided December 5, 1913).

## Appeal from Kenton Circuit Court (Law and Equity Division).

1. Railroads—When Operatives of Not Liable to Injured Employees —Customs and Usages.—The operatives of a train are not liable to another employee who is injured in the yards of the company when he voluntarily goes under the cars and is injured, even though there is such a custom at that point among the employes, if the custom is not known to the trainmen.

2. Railroads—One Placing Himself in Place of Danger—Recovery.— One who voluntarily places himself in a known place of danger where those in charge of the train cannot see or protect him, can not recover from the trainmen; the only duty they owe him is to protect him if his peril is discovered.

3. Action—Transfer of Action to Federal Court—Parties—Presumption.—Where it develops on a trial that the plaintiff has not from the beginning, had a cause of action against a resident defendant who has been joined with a non-resident defendant, it will be presumed he was made a joint defendant for the purpose of preventing the non-resident defendant from exercising his right to transfer the case to the Federal Court, and the transfer may then be made.

MYERS & HOWARD for appellant.

GALVIN & GALVIN for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was an employe of appellee company at its repair shops in Ludlow, Kentucky.

In these yards were several parallel tracks running north and south. At one point extending over three or four of these tracks is a place filled in with screenings called a crossing, so kept and maintained for the purpose of conveying heavy material from one part of the yard to another, and which crossing was used by the employes in going from one place to another. Appellant, together with some others, was at work on one of the tracks; the company kept a water barrel for the use of its employes on the other side of the yard, and he desiring to get some drinking water for himself and some other workmen took a small bucket and went for that purpose. When he reached this crossing he found a freight train blocking it, but standing still; he thereupon

went under one of the cars, and while he was under it the train moved and before he could get out on the other side ran over one of his legs and made necessary its amputation.

He instituted this action against the railroad company and the foreman and engineer of the freight switching crew charging that the company had failed to furnish him a safe place to work, and a safe means of reaching the water barrel, and that the two individual defendants were negligent in causing the train to move without signal or warning.

Upon the trial in the lower court, after the plaintiff's evidence was all in, a peremptory instruction to find for each of the individual defendants was sustained, thereupon the corporate defendant, before its motion for a peremptory instruction had been acted upon, entered a motion to transfer the case to the Federal District Court as to it, which was done.

We are called upon to pass upon two questions, (1) Was the peremptory instruction proper as to either one or both of the individual defendants, and (2) was the subsequent order removing it to the Federal Court proper assuming the peremptory instruction was correct as to the other defendants?

The evidence for the plaintiff shows that the so-called crossing over the railroad tracks where he was injured was habitually used by all the employes of the company in going from one part of the yard to another; that it was frequently blocked by cars on the track for an hour or two or even for a full day at a time; that when it was so blocked it was the general custom of the employes to either climb over, or go through the cars if the doors were open, or under them, and that this custom was generally known in the yards.

It is the theory of the plaintiff that under these circumstances it was the duty of the company and those in charge of the train knowing of the existence of this custom to anticipate that persons might be so going over or under the cars; but he has failed to show that the individual defendants knew of such custom. Under the circumstances of this case the only duty which the operatives of that train owed to this appellant was to use every possible means to protect him after they had notice of his peril. But it was impossible for them to have known of it in this case because by his own voluntary act he placed himself under the cars where he could not be seen by them.

There is a stipulation in the record that the two individual defendants were the engineer and the foreman of the switching crew of the train in question, and had been employed by the defendant company for sometime prior to the accident and were so employed at the time; but there is nothing in the evidence or in any stipulation or agreement showing that they or either of them knew of any such custom by the employes of climbing over or crawling under cars at that point; but we do not mean to infer that if such custom had been brought home to them the peremptory instruction as to them. would not have been proper. Certainly the failure to show that they were aware of such custom authorized the peremptory. The appellant's own testimony shows that he deliberately went under this car and took a chance of getting safely through, and unfortunately it was a losing chance; to say that he may recover against the trainmen for boldly putting himself in a place of danger where they could not see or protect him would be to reward him for his own recklessness.

The case of Age's Admr. v. L. & N. R. R. Co., 148 Ky., 219, was where a section foreman in the yards of the company went in between two standing cars on the track for the purpose of hallooing through the two cars to somebody on the other side, and while he was in between them a freight train backed on to that track and into the cars and killed him. The court in that case went into a lengthy discussion of the whole question of employes and others putting themselves in places of danger, and after citing and quoting a number of authorities, wound up the opinion as follows:

"Thus, it is seen that the law in this State is well settled, that where one, whether employe, licensee or trespasser, is injured while attempting to pass between, under or over standing cars, without invitation, express or implied, to do so, there can be no recovery, unless those in charge of the train, after his peril is discovered, fail to exercise ordinary care to avoid injuring him. The uncontradicted evidence showing that decedent voluntarily went between these cars, and thus exposed himself to the danger which resulted in his injury and death, and that this act was neither called for nor necessary in the discharge of any duty which he owed to the company, the trial court properly held that he was not entitled to recover, and the judgment is, therefore, affirmed."

The evidence in this case developed unmistakably that the plaintiff never in fact had a cause of action against

either one of the resident defendants, and that neither of them violated any duty which they owed to him; and that being true it has been consistently held in this State that the subsequent transfer of the case to the United States Court upon motion of the non-resident was proper.

Whenever it is developed on the trial that the plaintiff, from the beginning could not have made out a case against the resident defendant, it will be presumed he was made a joint defendant for the purpose of preventing the non-resident defendant from exercising his right to transfer the case to the Federal Court.

(Byrnes Admx. v. C. & O. Ry. Co., 151 Ky., 553, and authorities there cited).

Judgment affirmed.