## Landers v. Tracy, Judge.

(Decided October 24, 1916.)

### Original Proceeding for Writ of Mandamus.

1. Removal of Causes—Non-Residents—Diverse Citizenship.—Where an action is properly brought in a State court against a non-resident defendant and a resident defendant, sued jointly, the fact that the trial court may erroneously, at the conclusion of the evidence, direct a verdict in favor of the resident defendant, does not authorize a removal of the action to the federal court as to the non-resident defendant, on the ground of diverse citizenship. In such a case the resident defendant will be treated as a party to the suit until the question has been terminated by the State appellate court.

2. Removal of Causes—Law of Case—Rule in Federal Cases.—The rule that when the law of a case has once been declared by the State supreme court it is the law of that case in all subsequent pro-

ceedings, does not apply to the decision of a federal question by the supreme court of a State, since upon a question of that character the Supreme Court of the United States is the final arbiter.

3.   Removal of Causes—Rule of Supreme  Court  Controls.—Upon questions respecting the removal of actions from State courts to federal courts, the Supreme Court of the United States is the final arbiter; it is the rule as announced by that tribunal that controls in such cases; and, if the opinion of the supreme court of a State upon a question of removal to the federal court is in conflict with the decisions of the Supreme Court of the United States, it becomes the duty of the State trial court, as well as the State supreme court, to follow the ruling announced by the Supreme Court of the United States.

MYERS & HOWARD for plaintiff.

JOHN M. LASSING and GALVIN & GALVIN for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Granting writ of mandamus.

This is an original proceeding in this court for a writ of mandamus against F. M. Tracy, judge of the Criminal, Common Law and Equity Division of the Kenton circuit court, to compel him to try the plaintiff's action pending in that court against the Cincinnati, New Orleans & Texas Pacific Railway Company, a foreign corporation.

Landers was injured while employed in the repair shops of the railway company, in Ludlow, Ky. He brought an action on November 22nd, 1911, against the railway company and Matlack and Ficke, foreman and engineer of the railway company's freight switching crew, charging that the company had failed to furnish him with a safe place to work, and that Matlack and Ficke were negligent in causing the train to injure Landers by moving it without signal or warning to him.

On December 8th, 1911, the company filed its petition and bond for a removal of the action into the United States district court for the eastern district of Kentucky, sitting at Covington, upon the ground of diverse citizenship. Being of opinion that the petition for a removal, at that time, was insufficient because of the joinder of the resident defendants Matlack and Ficke, the State court properly retained jurisdiction of the case. Southern Railway Co. v. Lloyd, 239 U. S. 496.

In January, 1913, the case was tried before a jury in the State court presided over by Judge Tracy; and,

at the conclusion of the plaintiff's evidence and on motion of Matlack and Ficke, the jury were peremptorily instructed to find a verdict for each of them. Accordingly, the case was dismissed as to those defendants. Thereupon, the railway company again filed its bond and renewed its motion for a removal of the case into the federal court, and that motion was sustained, over the objection of Landers.

Upon an appeal from that order, this court affirmed the judgment of the Kenton circuit court, on December 5th, 1913. The opinion may be read in 156 Ky. 301. However, while that appeal was pending in this court, the railway company filed a transcript of the record in the United States district court, and had the case docketed there. But, on April 14th, 1914, and after the judgment of the Kenton circuit court had been affirmed by this court as above stated, the judge of the United States district court remanded the action to the State court, upon the ground that the State court and not the federal court, had jurisdiction to try the case.

The case being in all respects at issue and ready for trial, and the Kenton circuit court being in session for trials, Landers moved that court, on April 17th, 1914, to assign his case for trial and to try it as it should be properly reached for trial in the orderly conduct of the business of the court. Judge Tracy, however, declined to take jurisdiction and overruled Landers' motion, being of opinion that he was bound by the judgment of this court upon the appeal, as heretofore stated. In his written opinion, and at the request of counsel for Landers, Judge Tracy stated that his ruling was not made because of the pressure of business, or for any other reason than the jurisdictional one, above referred to; and, he further intimated that if the question were an open one, he would have ruled differently in view of the later opinions of the Supreme Court of the United States upon the question before him.

The result of these conflicting opinions being that Landers has been unable to have his case tried in either the State court or in the federal court, he now applies to this court, as above stated, to require Judge Tracy to try his case, in the regular order of business.

Judge Tracy has answered in this court, setting up the foregoing facts, and again stating that he is willing to try the case, and would do so, except for the fact that

this court in its opinion upon the appeal has declared that the Kenton circuit court was without jurisdiction to further proceed in the trial.

Upon the appeal of this case, the court passed upon two questions: (1) Was the peremptory instruction proper as to Matlack and Ficke? and (2) was the subsequent order removing the case to the Federal court proper, assuming the peremptory instruction was correct?

After reviewing the facts, and the court being clearly of opinion that neither Matlack nor Ficke had been negligent in any respect, it affirmed the judgment which had sustained the motion of the railway company to remove the case, upon the authority of Byrne's Admx. v. C. & O. Ry. Co., 151 Ky. 553, and the authorities there cited, including Haynes' Admr. v. C., N. O. & T. P. Ry. Co., 145 Ky. 209, and other cases.

While the opinion of this court on the appeal of this case, holding that the action was properly removed into the federal court upon the dismissal of Matlack and Ficke is sustained by the opinions of this court in the cases above referred to, particularly by the Byrnes case and the Haynes case, it is not in accord with the later decisions of this court, or the later decisions of the Supreme Court of the United States.

State courts have jurisdiction of actions brought under the federal employers' liability act as amended in 1910, regardless of the residence or citizenship of the parties; but, as there is nothing in the record to show that this action was brought under that statute, we have the question presented whether a dismissal of the action, by the State court, as to the resident defendants, converted the action into a separate action against the nonresident defendant for the purpose of removing the action to the federal court on the ground of diverse citizenship.

It is, however, well settled by the later opinions of the Supreme Court of the United States that where an action is properly brought in a State court against a non-resident defendant and a resident defendant, sued jointly, the fact that the trial court may erroneously, at the conclusion of the evidence, direct a verdict in favor of the resident defendant, does not authorize a removal of the action as to the non-resident defendant, on the ground of diverse citizenship, if exception is taken to the

ruling of the court in directing the verdict. In such a case the resident defendant will be treated as a party to the suit until the question has been terminated by the State appellate court.

The precise question here presented was decided in January, 1915, by the Supreme Court of the United States in American Car & Foundry Co. v. Kettelhake, 236 U. S. 311. In that case Kettelhake's widow sued the car company, a New Jersey corporation, and Eilers and Martin, citizens of Missouri, in a Missouri court, to recover damages for the negligent killing of her husband by the movement of a train of cars operated by the car company. On the trial of the case, and at the conclusion of the plaintiff's evidence, the trial court peremptorily instructed the jury to find for Eilers and Martin; whereupon the car company filed its bond and petition for a removal to the federal court, upon the ground that as the action then stood, it was simply a case between the plaintiff, a citizen of Missouri, and the car company, a citizen of New Jersey. The trial court declined to remove the case; and, on appeal of the car company from a judgment against it, that ruling was approved by the St. Louis Court of Appeals. From the judgment of the St. Louis Court of Appeals sustaining the trial court, an appeal was prosecuted to the Supreme Court of the United States.

Pointing out the material difference between cases where the dismissal as to the resident defendant is voluntary on the part of the plaintiff and those cases in which the dismissal is involuntary, the Supreme Court of the United States, in the Kettelhake case, held that the involuntary non-suit in the trial court as to Martin and Eilers, with the right of review in the supreme court of the State, did not make the case removable as to the American Car & Foundry Co. That ruling was followed in Southern Railway Co. v. Lloyd, 236 U. S. 496, and by this court in Carter Coal Co. v. Prichard's Admr., 166 Ky. 776, where the question is considered at length.

It would seem, therefore, that although the opinion in the Landers case was sustained by the authorities, both State and federal, at the time it was decided, it no longer states the correct rule in view of the later opinions of

this court and of the Supreme Court of the United States, written since the Landers opinion was written.

In holding that a State trial court is bound by the opinion of the supreme court of the State, and that the law of a case when once declared by the State supreme court is the law of that case in all subsequent proceedings, the circuit court unquestionably stated the law correctly insofar as the rule is applicable; but, upon questions respecting the removal of actions from State courts to federal courts, the Supreme Court of the United States is the final arbiter. It is the rule as announced by that tribunal that controls in such cases; and, if the opinion of the supreme court of a State upon the question of removal to the federal court is in conflict with the decisions of the Supreme Court of the United States, it becomes the duty of the State trial court, as well as the State supreme court, to follow the ruling announced by the Supreme Court of the United States.

To illustrate: If the Landers case, after the decision of this court as reported in 156 Ky. 301, had been reversed by the Supreme Court of the United States, both this court and the Kenton circuit court would have been bound by that judgment; and, in the usual course of procedure, the Kenton circuit court would have been directed to proceed with the trial of that case. And, the result should in no respect be different in the case we have here, where no appeal was prosecuted from the supreme court of the State to the Supreme Court of the United States, and a rule different from that announced by the State court was subsequently announced by the Supreme Court of the United States.

In contemplation of law, the rule as finally announced by the Supreme Court of the United States upon the question of removal, has always been the correct rule; and all rules differing from it, by whatever court announced, are not law.

Where a former decision is overruled the judges do not pretend to make a new law, but to vindicate the old one from misrepresentation. "For," as said by Blackstone, "if it be found that the former decision is manifestly absurd or unjust, it is declared, not that such a sentence was *bad law;* but that it was *not law;* that is, that it is not the established custom of the realm, as has been erroneously determined." 1 Com. 70.

It follows, therefore, that Judge Tracy had jurisdiction, after the dismissal of the action against Matlack and Ficke, to try the case against the railway company, and should have so proceeded.

The writ of mandamus is granted.