## Mahan Jellico Coal Company v. Bird.

(Decided March 12, 1918.)

### Appeal from Whitley Circuit Court.

Appeal and Error—Second Appeal—Former Opinion Law of Case.— Where, upon the second trial of a personal injury suit, no new pleadings were filed and no new evidence offered, except that which was merely cumulative, not of controlling importance and

immaterial, the ruling on the second appeal must be the same as that upon the first.

TYE, SILER & GATLIFF for appellant.

ROSE & POPE for appellee.

Opinion of the Court by Judge Clarke—Reversing.

This is the second appeal of this case. Upon the former appeal the judgment was reversed because of error in impaneling the jury and for failure of the court to give the peremptory instruction asked by the defendant coal company. That opinion is reported in 167 Ky. 698, where a statement of the evidence upon the first trial will be found. After return of the case and upon a new trial, the plaintiff filed no new pleadings and introduced no new evidence except that of two experienced miners, who knew nothing of the accident to plaintiff or of the conditions in the mine, and who testified as experts only as to the proper width of an entry and proper switches, but their evidence was but cumulative on both questions and upon the latter not available for any purpose, because that question was not included in the issues presented by the pleadings. Upon the issue of the proper width of the entry at the place of the accident, this evidence was not controlling because that question is not of controlling importance as will be seen by a reference to our former opinion. With this exception, the evidence was substantially the same upon both trials, although the plaintiff testified somewhat more fully upon the last trial with reference to his duty of inspection, the length of time he had been employed at the place of the accident and the disposition of the mule "Sam."

It was pointed out in our former opinion both that the evidence of plaintiff was insufficient in several respects to fasten liability upon the defendant and that plaintiff assumed the risk in leaving the car in the manner attempted, upon both of which questions that opinion is, of course, the law of the case unless altered by new evidence. Even if it might be conceded that upon the last trial the evidence was sufficient to show negligence upon the part of the defendant, which we consider unwarranted but which is certainly all that can be claimed for it, the evidence as bearing upon the question of proximate cause was not in any way or in any degree different upon the last trial from what it was upon the

first trial, unless in that upon the last trial plaintiff testified he had gone in and out of this entry three times daily for but eleven days during the three months he had worked in this mine, during all of which time it was assumed in the former opinion he had been employed in this particular entry, but this difference is not in our opinion material, as in the sixty-six trips he had made in the eleven days he could and must have discovered the proximity of the walls of the entry as well as in three months.

It was said in concluding the former opinion:

"In other words, upon the facts established by his own evidence the trial court should have decided, as a matter of law, that neither the speed at which the mules were going nor the nearness of the wall of the mine to the car track was the proximate cause of appellee's injuries, but that they were caused by his own negligence."

There was absolutely nothing in the evidence upon the last trial from which a different conclusion as to the proximate cause of the accident could be deduced, and it was, therefore, error to refuse to direct the verdict for the defendant in conformance with the court's mandate.

Wherefore, the judgment is reversed for further proceedings consistent herewith.