## Consolidation Coal Company v. Bailey.

(Decided February 7, 1919.)

### Appeal from Johnson Circuit Court.

1.  Appeal and Error—Law of the Case.—The opinion of the Court of Appeals upon the first appeal of a case is the law of the case, upon subsequent appeals, under substantially the same facts, not

only with respect: (1) to errors relied upon for a reversal on the first appeal and which, are mentioned in the first opinion; (2) to errors relied on but not noticed in the opinion, but (3) also as to errors appearing in the first record that might have been but were not then relied upon.

2.   Appeal and Error—Law of the Case.—The rule that the opinion upon the first appeal is the law of the case in subsequent appeals under substantially the same facts, applies to all cases where the opinion does not expressly state that a particular point is not passed upon; and an opinion upon a first appeal conclusively settles the question of the sufficiency of the pleadings, the competency of the testimony, and its sufficiency to take the case to the jury.

EDWARD C. O'REAR, J. B. ADAMSON, ALLIE W. YOUNG and M. C. KIRK for appellant.

VAUGHAN & HOWES for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the first opinion being reported in 178 Ky. 114, wherein the facts are stated in detail. Upon the first trial there was a judgment in favor of plaintiff (appellee) for the sum of $1,700.00, and on appeal the judgment was reversed upon the ground that the court refused to instruct the jury upon the concrete facts which defendant claimed constituted contributory negligence and which were embodied in instruction "B," offered at the trial, but which was refused. The court held that under the peculiar facts of the case, and under the doctrine of a number of cases cited in the opinion, the trial court should have given to the jury instruction "B," and for that error alone the judgment was reversed. It was insisted upon that appeal that defendant's motion for a peremptory instruction should have prevailed. This insistence was based upon the theory that under rule 13, which defendant claimed was the only rule upon the subject, it was the duty of plaintiff to inspect the roof of the room in which he was at work at the time he received the injuries, and that he failed to do so, thereby entitling defendant to the peremptory instruction offered. It was furthermore insisted upon that appeal that the court should have given to the jury instruction "A," offered by defendant on the first trial. That instruction assumed that rule 13 was unqualifiedly in force at the time of the accident. But it was held that there was a conflict of evi-

dence upon this point, and for that reason the court did not err in refusing to give instruction "A." Upon a second trial of the case the court gave to the jury instruction "B," as directed on the former appeal, and declined to give instruction "A," which was again offered by defendant, and the jury returned a verdict in favor of plaintiff for the sum of $1,450.00, and complaining of it the defendant prosecutes this appeal.

The rule is well settled that the opinion of this court on the first appeal of the case is the law of that case upon all subsequent appeals where the facts are substantially the same, not only as to errors relied upon for reversal on the first appeal, but also as to all errors relied upon and not noticed in the opinion, all of which appear in the record on the first appeal and which might have been but were not relied upon. Consolidation Coal Co. v. Moore, 179 Ky. 293; N. C. & St. L. Ry. Co. v. Henry, 168 Ky. 455; Same v. Same, idem, 581; Dupoyster v. Ft. Jefferson Improvement Co., 121 Ky. 518; Illinois Life Insurance Co. v. Wortham, 119 S. W. (Ky.) 802; Stewart's Admr. v. L. & N. R. R. Co., 136 Ky. 717, and other cases referred to therein. So, under this rule, if the facts appearing in the record before us are substantially the same as those appearing in the first record, all questions determined or which were presented by the first record, whether relied on and determined or not, are now res adjudicata between the parties. This rule does not seem to be disputed by appellant, but it is insisted that the evidence on the last trial shows without contradiction that rule 13, relied on by defendant, was not only in force at the time plaintiff received his injuries, but that it was the only rule by which he or the defendant was to be governed under the particular facts, circumstances and conditions existing at the time of the accident, and that for that reason instruction "A" should have been given to the jury upon the last trial.

We have carefully examined the testimony adduced at both trials upon this point, and we fail to find any substantial difference in it. On the first trial plaintiff's testimony upon this question was: "Q. The rules that you speak about that the company had there, was it a printed book of rules? A. Yes, sir. Q. I will get you to examine this book and see whether or not that was the book of rules that they had, Mr. Bailey? A. I guess

that is the same rules." The rules referred to were adopted in July, 1914. There had been other rules adopted in 1911, and there was evidence on the first trial that the 1911 rules had not been wholly superseded by those adopted in 1914, and for that reason the court in the first opinion, as a basis for upholding the trial court in refusing to give to the jury instruction "A," said:

"If the proof of the existence of the rule had been uncontradicted the court should have so treated it by giving instruction 'A;' but as there was some proof tending to show that an old and different rule was in force, the court should have given instruction 'B,' which presented the law under the rule, but left the fact of the existence of the rule to be determined by the jury."

Upon the last trial, on this issue the plaintiff testified thus: "Q. I hand you the rule book which appears to be approved and in force and effect in July, 1914, and ask you if that is the same rule book you refer to having in your possession a few moments ago? A. I could not say positively. Q. This is the same one I had a moment ago—I want to know if that book of rules was in force at the time you had a book in your possession? A. That seems to be the book they gave me. Q. That was the book they were operating under at that time? A. They worked by part of them rules. Q. This book of rules which shows to have been in force July 11, 1911, was superseded by the one I have just shown you? A. I guess so. Q. That book was in force at the time you were working there? A. Yes, sir, I believe it is. . . . Please state whether or not rule 13, as read by Mr. Kirk, is one of the rules in force in that mine on that subject at the time you were injured? A. There were some rules. I don't know whether they worked by it."

Practically the same testimony with reference to the existence of the 1911 rules and their being in force at the time of the accident that was heard upon the first trial was introduced upon the last one.

So that the same contradictions of evidence on this point which appeared in the record when the case was first here are to be found in the present record, and this court's former opinion under the doctrine, *supra*, is necessarily binding upon the parties. We therefore con-

clude that the court did not err upon the last trial when it refused to give to the jury instruction "A."

The insistence that the peremptory instruction was justified is largely if not entirely based upon the theory that rule 13 was the only one in force at the time of the injury, and that the evidence is uncontradicted that plaintiff failed to observe the requirements of that rule; i. e., that he neglected to make the character of inspection which that rule required of him. This same contention was presented and determined adversely to the defendant on the first appeal, and unless the testimony heard on the last trial on that issue is substantially different from what it was on the first trial, we would be compelled to again deny it under the rule alluded to.

Upon each of the trials the plaintiff testified that he had no recollection of sounding the roof of the place where he was at work other than making the place for the jack with his pick. He also testified that he examined the roof with his eye and that he usually made soundings for the purpose of determining the condition of the roof. There is no practical difference in the testimony given by him on the two trials upon this point, and it was not shown upon either trial that the only practical way of determining the condition of the roof was by soundings made for that purpose, some of the testimony being to the effect that using the pick as plaintiff did for the purpose of making a hole in the roof for the jack was sufficient to detect the condition of the roof. This being the condition of the testimony upon that issue on each of the trials, the first opinion of the case upon that particular issue must govern the rights of the parties, and the court did not err in declining to give the peremptory instruction upon the last trial.

In discussing the questions presented counsel for defendant refer us to a number of cases from this court to the effect that where it is the duty of the servant to inspect and he neglects to do so, he can not complain of his master if he sustains injuries, but those same cases were relied upon on the first appeal, where the facts, as we have seen, were substantially the same as those contained in the present record, and whatever might be said as to the applicability of those cases as an original proposition, the res adjudicata rule referred to prevents their application upon this appeal.

There is no complaint as to the extent of the injuries, or the size of the verdict. The only two errors urged for a reversal not being available, for the reasons stated, there is no alternative but to affirm the judgment, which is accordingly done.