### Graziani, Executrix v. Ambrose.

(Decided December 21, 1923.)

Appeal from Kenton Circuit Court
(Common Law & Equity Division).

1. Appeal and Error—Decision is Law of Case on Second Hearing or Appeal.—The law and facts governing the rights of the parties as determined and settled on the first appeal become the law of the case on a second hearing or appeal, if the evidence is not materially different, whether those conclusions were right or wrong.

2. Appeal and Error—Decision on Appeal Held Law of Case as to Right to Directed Verdict.—Where it was determined on appeal that court erred in not directing verdict for plaintiff, based on admissions in defendant's testimony, court properly directed a verdict for plaintiff on a second trial, where the transcribed testimony of the defendant, who had died pending the appeal, and testimony of another witness, the same in substance, was introduced, though plaintiff, by reason of defendant's death, could not testify because of Civil Code of Practice, section 606, subsection 2.

GRAZIANI & ROOT for appellant.

EDWARD J. TRACY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case, the first opinion being reported in 197 Ky. 679, and it states not only the nature of the case but the facts and the law deducible therefrom, none of which will we repeat in this opinion except such as may be necessary for explanatory purposes.

The action was filed in the Kenton circuit court by appellee, Santo Ambrose, against appellant's decedent to recover $500.00 alleged to have been paid by him in settlement of a claim for damages asserted for alleged injuries inflicted by him on an infant, and which settlement

was afterwards repudiated by the infant because it was not made by a guardian or any one having the right to bind him, all of which is set out in the opinion, and which directed the trial court upon a second hearing to sustain plaintiff's motion for a peremptory instruction, since, as stated in the opinion, "The essential facts are practically undisputed and are as above set out;" and again, "The admitted facts show it is a case of money had and received without consideration, and for which appellee was bound to account upon a failure to consummate the question," and finally, "It follows from what we have said that on the admitted facts appellant (Ambrose) was entitled to a directed verdict."

After the rendition of that opinion and before the second trial, now under review, the defendant, Graziani, died and after the filing of the mandate the action was revived against appellant, his widow and executrix of his will. At that trial subsection 2 of section 606 of the Civil Code of Practice rendered appellant incompetent as a witness, and his counsel introduced the transcribed evidence of the deceased defendant given on the first trial, and then offered to introduce his client, but the court declined to permit him to testify, whereupon counsel offered the transcribed evidence given by plaintiff on the the first trial as an avowal of what his testimony would be. The personal representative then introduced G. F. Boughner, an attorney at law, who at the time of the transaction involved, either had some professional connection with the defendant, Graziani, or if not was using the same office with him; and the testimony of that witness was in substance a verbatim repetition of the transcribed testimony of the deceased defendant. So that, although he was a new witness, his testimony affected only the quantum of evidence and not the quality of it. 15 R. C. L. 559, paragraph 435. At the close of the second trial the court, following his interpretation of the first opinion, sustained plaintiff's motion for a directed verdict in his favor, and complaining of that action of the court, appellant prosecutes this appeal.

It is strenuously argued in brief of counsel for appellant that the grounds upon which the court reached its conclusion in the opinion on the first appeal were flatly denied by the testimony of the defendant which he gave on the first trial and which, as we have stated, was read on the second one, and he, therefore, argues that the

court erred, not only in sustaining plaintiff's motion for a directed verdict, but in overruling a like one made by defendant. Were we, however, to concede the correctness of the premises of counsel, we could not then sustain his conclusion because of the well settled rule of practice to the effect that the law and the facts governing the rights of the parties, as determined and settled on the first apeal, become the law of the case on a second hearing or appeal, if the evidence is not materially different, whether those conclusions were right or wrong, and which doctrine is commonly referred to as "the law of the case," and is a rule of practice in almost all jurisdictions where the common law prevails so far as we have been able to discover, and is thoroughly settled by text writers and a large majority of the opinions. U. S. Annuity & Life Ins. Co. v. Peak, 1 A. L. R. 1259, and annotation, page 1267, and note to case of Hastings v. Foxworth, 34 L. R. A. 321. This court has consistently applied it, as will be seen from Miller's Appellate Practice, section 138, and the cases of Illinois Central Railroad Co. v. Haynes, 144 Ky. 508; L. & N. R. R. Co. v. Murphy, 150 Ky. 176; Gassett v. Ky. Wagon Mfg. Co., 153 Ky. 101; Beaver's Admr. v. Proctor Coal Co., 159 Ky. 578; United Talking Machine Co. v. Metcalfe, 174 Ky. 132; Rammage v. Kendall, 183 Ky. 434, and Farmers Bank and Trust Company, Admr. v. Stanley, 190 Ky. 762. Many other domestic cases are cited in note 53 to the text of Miller's Appellate Practice, *supra*.

A strict observance of the rule might in some instances work a hardship, but in the great majority of cases it does not do so but serves its very useful purpose in furthering the policy of the law, "That there shall be a final determination of litigation." The courts adopting it proceed upon the theory that, as said in the last case referred to (190 Ky. 762), "It is better for the stability of the practice that the fixed and settled rules governing court procedure should be adhered to rather than ignored in order to do justice in a particular case." So that the only question to be determined is whether under the evidence heard on the last trial this appeal should be governed by that rule.

On the second trial the same evidence of the defendant was heard that was introduced on the first one, which consisted in part of admissions by the deceased, and which we held on the first appeal were sufficient to auth-

orize the court to direct a verdict against him in favor of plaintiff. The substance of those admissions was not disproven in the least by the witness, Boughner, heard for the first time on the second trial. On the contrary, as we have stated, his testimony was almost an exact repetition of the statements of the deceased defendant. It is true that plaintiff did not testify on the second trial, but we did not direct the verdict on the first appeal upon his testimony but said, in effect, that the defendant's testimony admitted his liability, which was not weakened because of plaintiff's failing to testify or to introduce any proof in support of those admissions.

Under such circumstances we see no escape from approving the action of the trial court on the second trial in directing the verdict complained of, and the judgment based thereon is accordingly affirmed. Whole court sitting.