## Perkins-Harlan Coal Company v. Mercer.

(Decided March 25, 1930.)

■■■■■■■■■■■■■■■■■

TYE, SILER, GILLIS & SILER for appellant.

G. M. SHARP for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment awarding appellee $5,000 damages for personal injuries.

Appellant's chief insistence is that it was entitled to a peremptory instruction.

The facts are these: Appellant operated a coal mine in Harlan county, and appellee, Jess Mercer, a coal miner, had been in its employ for several months. He and his buddy, Raymond Lawson, worked together. On the morning of the accident, Mercer and Lawson discovered that the room in which they had been working was in a dangerous condition, and started out of the mine. Jack Mabletini, assistant mine foreman, concurred in the view that the room was dangerous, and took them to room No. 1, or Old Five Cross entry, and directed them to work there and to load out the coal that had been cut some time before. In the roof of the room was a large piece of slate that extended from the face of the coal into the room for a distance of 2 or 2½ feet. The slate had broken loose, and between it and the roof there was a large crack. When they entered the room, Jack Mabletini pointed to the slate and told them to take it down if they could, and if not, to timber it. According to Mercer and Lawson, they protested against working there and wanted to leave, but Mabletini said, "Oh, go on, Lawson, by setting two or three timbers will make that place safe to take that cut out." There was a rule of the mine that for taking down slate or timber the men were paid 50 cents an hour. Mabletini told Mercer and his buddy that while doing the work they would be making expenses. After Mabletini left, Mercer and Lawson got a steel bar, placed it in the crack over the slate, and endeavored to pull the slate, but were unable to do so. There were plenty of timbers in the room, and they then procured three of them and placed them under the slate where it extended into the room. Mercer then turned the coal loose and Lawson loaded it on the car. Mercer then began to rake the dust out with his pick. After he had

taken the dust out "two feet along the face, and 12 to 18 inches deep along the coal," the slate fell and injured him. It further appears that the roof of the mine had been propped the day before, but not at the point of accident. The record also discloses that Mercer had had experience in mining coal, and setting timbers, and taking down slate.

As appellant, though coming within its provisions, had not elected to operate under the Workmen's Compensation Act, the defenses of contributory negligence and assumed risk were not available. Section 4960, Kentucky Statutes: Gibralter Coal Mining Co. v. Nalley, 214 Ky. 431, 283 S. W. 416. However, it was still necessary to show that appellee's injuries were due to some act of negligence on the part of appellant. Deboe's Adm'r v. West Kentucky Coal Co., 216 Ky. 198, 287 S. W. 568. The accident did not happen in an entry, but in the room where appellee was at work. It did not occur in the room at a place already propped. It took place immediately under the slate which appellee attempted to take down and prop. It was not shown to be the duty of appellant to prop that place. On the contrary, that duty not only devolved upon appellee according to the custom of the mine, but was actually undertaken by him. There was plenty of props in the room, and therefore no failure to furnish props. As the slate was loose and likely to fall at any time, and the danger of its falling was being constantly increased by appellee's efforts in taking out the coal and removing the support, the only way that the place could be made safe was by taking down the slate or placing timbers thereunder. As this duty devolved upon appellee, and not upon appellant, the safe place doctrine does not apply, and appellant cannot be held liable on the ground that it failed to use ordinary care to furnish appellee a reasonably safe place to work. Nor can liability be predicated on the theory that appellee was ordered to work in a dangerous place, or that he was inexperienced and appellant neither warned him of the danger nor instructed him as to the proper method of doing the timbering. Appellant did not order appellee to work in the room as it was, but the dangerous condition of the roof was pointed out and he was told to take down the slate or timber the roof. It also appears that appellee, who had been a miner for a number of years, was experienced in the work of taking down slate and

propping the roof, and therefore not a man in need of instruction.

But the point is made that appellee was entitled to recover on the assurance of safety. In support of this position, it is pointed out that the assistant mine foreman said, "Oh, go on, Lawson, by setting two or three timbers will make that place safe to take that cut out," and that this instruction was complied with. It seems to us that the only meaning that may be attributed to the language employed was that the work of timbering was comparatively easy. It was never intended, and cannot be construed, as an assurance that the place would be safe if two or three timbers were set, regardless of how and where they were placed. Since the duty of timbering was on appellee, it was incumbent on him to perform that duty by setting the timbers at places where they would support the roof, and he was not authorized by the statement made by the assistant mine foreman to set the timbers wherever he chose, and at places where they would not accomplish the purpose intended, and thus shift the responsibility to appellant. We are therefore constrained to the view that the language referred to did not amount to an assurance of safety within the meaning of that rule.

It follows from what we have said that appellant was entitled to a peremptory instruction.

Judgment reversed, and cause remanded for a new trial consistent with this opinion. Whole court sitting.