## Baker v. High Splint Coal Co.

(Decided March 8, 1935.)

G. G. RAWLINGS and GEORGE R. POPE for appellant.

TYE, SILER, GILLIS & SILER and T. E. MAHAN for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal involves the question of the correctness of the lower's court's ruling, upon the second trial of this cause, sustaining, at the conclusion of appellant Baker's evidence, a motion for a peremptory instruction in favor of the appellee, High Splint Coal Company.

This is the second appeal of the cause. The facts, as well as the general applicable principles of law deemed controlling and decisive of the questions presented upon the first trial, are fully stated and discussed in the court's opinion, found reported in 247 Ky. 426, 57 S. W. (2d) 60, 62.

The record discloses that R. L. Baker, while employed in the coal mines of the defendant High Splint Coal Company in Harlan county, Ky., was seriously injured on the night of February 21, 1930, by a large rock falling upon him from the upper wall of the mine entry, in which he was then at work. To recover damages for this injury, he filed his suit in the Harlan circuit court, wherein he alleged that same was caused by the negligence of the company in operating its mine. A judgment was recovered by Baker for $5,000, from which an appeal was prosecuted by the company and upon which the judgment was reversed, with the direction that should the evidence presented in another trial be substantially the same, upon the coal company's moving for a peremptory instruction, its motion should be sustained.

The plaintiff filed a petition for rehearing, which the court, after a careful consideration of both it and the response filed thereto, overruled.

The opinion given upon the first appeal recites that by the evidence presented upon the trial, the plaintiff Baker, together with two companions and fellow employees, was shown to have been engaged at the time

of receiving his injury as an employee of the mining company in blasting and removing, as directed, the dangerous and loose slate overhanging the roof of entry No. 8 of its mine; that upon this occasion, after firing four shots, as designated by the foreman's chalk marks upon the roof, for blowing down the loose roof slate at that point therein where the entry was intersected by a "break through," these three employees were next engaged upon the work of shoveling up and removing this blasted slate from the entry, when a large rock, which partially projected from its upper wall, close to the "break through," fell and injured the plaintiff. The opinion further recites that, after considering the pleadings and proof presented, the court found the following facts attending the accident were admitted by plaintiff:

> "(a) That a portion of the slab of slate which fell and injured him, fell from the roof he and his colaborers had exposed in the progress of their work; (b) that it was his and their duty to inspect, examine, and discover for themselves the presence of slate or other substance which was liable to fall and injure him or them; (c) that he examined some portion of the block which fell and injured him by sounding it with a pick and failed to discover its condition; (d) that he and his companions relied on no superior or other servant of the company to make the place where he was injured a safe place for him and them to work; (e) he knew of no other method by which the company or any one for it, other than he and his fellow workmen, could have resorted to or used to discover the dangerous condition of the block which fell upon him, and thereby prevented it from falling and injuring him; (f) the company was under no duty to furnish him and his companions, either before or after the shots were fired, an inspection or examination to discover the safe or unsafe condition of the slab which fell and injured him."

And adds that:

> "These deductions are fairly deducible from his testimony and utterly fail to establish any sort or degree of negligence on the part of the company."

The court also found that the defendant company, though eligible to do so, was at the time of plaintiff's

injury not operating under the Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), hence it could not rely on any defense based on contributory negligence or assumed risk (section 4960, Ky. Stats.); but even in such case held the general rule is that there is no liability on the part of the coal company where the injury received was not due to any negligence on the company's part but to the dangerous conditions which arose in the progress of and by reason of the work plaintiff was employed to do. The well settled and generally declared rule in such case is that if the negligence of the employee is the sole cause of his injury, recovery of the master therefor cannot be sustained, as the employee cannot recover for personal injury alleged to have resulted from the negligence of the employer unless he establishes a duty on the part of the employer and a breach thereof as a proximate cause of his injury. Quinn v. O'Bryan, 213 Ky. 776, 281 S. W. 1020; Gatliff Coal Co. v. Sumner, 196 Ky. 592, 245 S. W. 144; Saxton Coal Co. v. Kreutzer's Adm'x, 202 Ky. 387, 259 S. W. 1022. Nor can there be any recovery for negligence which was not the proximate cause of the injury complained of. Suter's Adm'r v. Ky. Power & Light Co., 256 Ky. 356, 357, 76 S. W. (2d) 29. Further, upon the first appeal, it was declared that:

"The rule requiring the master to furnish his servant a reasonably safe place to work, considering the nature and character of the work he is required to do, does not apply where the servant is performing work to make a dangerous place safe, or where the work makes the place obviously dangerous."

It is not the duty of master to make a working place safe for servant employed to make it safe. Perkins-Harlan Coal Co. v. Mercer, 235 Ky. 618, 32 S. W. (2d) 14.

Such being the indubitable character of the proof heard upon the first trial, our conclusion was that the evidence failed to establish any degree of negligence on the part of the company, as it showed the plaintiff, when injured, was engaged in making a dangerous place safe, to which the "safe place" doctrine did not apply, but that the plaintiff, by the nature of the work he was doing, created the danger in the progress of his blasting work, which itself rendered the place in which he

was working unsafe and made that the proximate cause of his injury. The law and the facts governing the rights of the parties announced by the first opinion becomes the law of the case on second hearing, where evidence is not materially different. Graziani v. Ambrose, 201 Ky. 466, 257 S. W. 21.

The law of a case, when once declared by the Court of Appeals, is the law of that case in all subsequent appeals. Landers v. Tracy, 171 Ky. 657, 188 S. W. 763. A decision on appeal or error is the law of the case on a subsequent trial, where the facts or evidence are substantially the same. Louisville & N. R. Co. v. Molloy's Adm'r, 107 S. W. 217, 32 Ky. Law Rep. 745; Gossett v. Kentucky Wagon Mfg. Co., 153 Ky. 101, 154 S. W. 897; Mahan Jellico Coal Co. v. Bird, 179 Ky. 767, 201 S. W. 306. In Louisville & N. R. Co. v. Cox, 154 Ky. 100, 156 S. W. 1035, it was held a decision on appeal that issues must be submitted to the jury is the law of the case on a subsequent trial, where the evidence or facts are substantially the same. Also, in Consolidation Coal Co. v. Bailey, 183 Ky. 204, 208 S. W. 762, it was held that where evidence on the second trial was substantially the same as on former appeal, the ruling on the issue in first opinion governs, and peremptory instruction for defendant, based on miner's failure to inspect, was properly refused.

Appellant contends, while admitting that such is the law of the case rule, that he is yet entitled to a reversal of the trial court's judgment in dismissing his petition under a peremptory instruction for the reason that the evidence heard upon the second trial was substantially different from that presented upon the first. The learned trial judge, who heard the evidence presented on the second trial and was familiar with that heard upon the first, was of the opinion that it was substantially the same as that given on the first, and accordingly sustained the defendant's motion for a peremptory instruction and on the verdict returned adjudged that plaintiff's petition be dismissed.

It is thus apparent that the only question here before us for review is: Was the evidence presented upon the second trial covered by "the law of the case rule," or was it substantially different from that heard on the first? After a careful consideration of this evidence, we are left to conclude that appellant has not present-

ed evidence substantially different, required to strength-
en his case upon this trial, in that he failed to show
some negligence on the part of the defendant which
was the proximate cause of his injury. Proximate cause
is that which stands next in causal relation to the effect.
Nelson Creek Coal Co. v. Bransford, 189 Ky. 741, 225
S. W. 1070.

On the second trial the plaintiff upon cross-examin-
ation was asked if he had made the answers to the
questions asked him upon the first trial, as set out in
the opinion, to which he answered, "Yes." He under-
took, however, to qualify or avoid the effect of such
admission by adding that while he had before stated
that he was an experienced miner, he did not mean to
thereby say that he was experienced in this particular
kind of work (shooting roof slate). Also, he here fur-
ther changes his former testimony, that he and his
two companions, Charlie and George Smith, "helped
each other and worked as partners in doing this work,"
by now adding that they were more experienced in the
work than he, and that he took orders from them while
performing it. Also, he changed at least the form of
his testimony in yet a further particular by saying it
was the mine foreman's duty, rather than that of him-
self and companions (admitted upon the first trial), to
have made this entry a safe place for them in which
to do their work of making it safe, and that his negli-
gence in failing to make it safe was the proximate cause
of his injury but his testimony, as to this, again upon
this trial utterly fails to show that the mine foreman
could have detected, had he examined the wall rock
which fell upon him, its loose or unsafe condition and
have thus averted the accident by its removal, any more
than did plaintiff when he tested its safety with his pick
and discovered nothing wrong and stated he knew of
nothing more the foreman could have done had he ex-
amined it. In other words, plaintiff does not here bet-
ter substantiate his right to recover upon such ground
of negligence pleaded against the foreman, since he
admits that had he examined the wall rock, or per-
formed such charged duty of inspecting it, he could not
have discovered its insecurity of place.

Upon such a showing here made, it results that he
cannot claim that the failure to inspect the place, even
if conceding arguendo it was negligent as being a breach

of duty, would (under such circumstances) be considered as tending to show it was the proximate cause of plaintiff's injury, resulting from the rock's falling upon him.

This, our conclusion as to the effect of this evidence, in nowise contravenes the well established rule that, if the plaintiff makes out his case by any substantial evidence, tending to show actionable negligence, however much the evidence for the defendant may overbalance that introduced by him, the court in such case should not give a peremptory instruction but he is entitled to have the jury pass upon the issue thus made.

Plaintiff again contends that the evidence upon this trial was substantially different from that of the first, in that his fellow miner here testified that the plan under and by which the mine was laid off and operated was in his opinion improperly and negligently made, in that the entryways were made too wide, which caused the weight of the superimposed structure to press too heavily upon the widely separated pillars or wall entries, causing a pinching or squeezing process on them, due to which the wall rock in question was "pinched" out and caused to fall.

The evidence heard upon both trials showed that the slate rock which fell upon plaintiff was some ten or twelve feet in length and extended, from the point where it protruded from the upper wall, in an upwardly direction near to or into the area of the explosion of the four roof shots fired and which (plaintiff testifies) covered an area of some fifteen feet; also, while the place in the wall where this rock projected was somewhat beneath and some four to six feet distant from the point in the entry intersected by the "break through," where the roof shots were fired, that the rock yet extended upwardly into the area of the explosion.

The evidence heard upon both trials as to plaintiff's work and place of work when injured was alike that he was at the time engaged with his companions in the hazardous employment, at which they had been working for some six weeks or more prior to his injury, of making this entry into the mine, which had become dangerous, safe by shooting down and removing the overhanging loose slate therefrom. Further, it shows without contradiction that their present job or work in the entry consisted not only of shooting down

the roof slate at this point in the entry, but also included as a part of it the further duty of their removing such slate as they had shot down from the entry. From this it necessarily follows that their place of work while engaged in removing the slate was equally their place of work as was the place wherein they worked when blowing down the slate; both were places occupied by them in performing their one job of making the entry safe, where before it was dangerous. An employee's place of work is that where his employment puts him to work. It is not the length of time one works in a place that makes it his "working place." Perkins-Harlan Coal Co. v. Mercer, supra.

Plaintiff, when injured by the fall of the overhanging slate in evidence, was engaged in the hazardous task of making this place safe, and wherein by his testimony he is shown to have recognized that the duty rested upon him and his companions to make an examination of their surroundings, to ascertain their safety, while at this work of removing the slate, when he admits that after exploding the shots he had tested with his pick this rock in the upper wall, underneath which he worked, and which later fell upon him, to see if it had been loosened by the shots, but decided that it had not been.

Plaintiff upon this trial somewhat changes his testimony and opinion before expressed by now charging that it was the duty of the mine foreman to have discovered this alleged dangerous condition of this wall rock and to have had it taken down or timbered, although upon the first trial he admitted that there was nothing he knew of which the company would have done to have prevented his injury, and that it was the duty of himself and his companion employees to have examined this rock and discovered this danger, as their job was to shoot down the slate out of the entry where dangerous, so that it might not fall on people.

Even if the evidence is conceded to be different in some immaterial respects as to changing opinion and form, yet again we find that it here, as before, only establishes the material facts found upon the first trial, i. e., that plaintiff was at the time engaged in making safe a dangerous place in the mine entry; that he and his two companions were working jointly as partners, each for the same pay, in performing this task and

were while so engaged without a boss as between themselves; also, that while shooting out the roof slate near to or in the area of the upper end of the large rock, they had, it appeared, shaken it loose and caused it to fall by the shock and jar of the explosions made upon the slate surrounding and supporting it. All of these facts and circumstances surrounding their employment, nature of their work, and duties therein clearly show the accident to plaintiff did not arise out of or occur through any breach of duty owing him by the defendant. We are not inclined to regard the plaintiff's change of testimony merely as to his opinions and conclusions, respecting the now claimed negligence of others as causing his injury, as constituting new and substantially different evidence as to such fact or as sufficient to present a new situation vesting the plaintiff with new or further rights against the defendant than were found not to exist under his evidence presented upon the first trial, or to remove his appeal from the operation of the law of the case rule, to the effect that no negligence whatever on the part of the company has by the evidence presented on this trial been shown.

We do not regard the holding made on the facts presented in the Gatliff Coal Company Case, 219 Ky. 839, 294 S. W. 472, relied on by appellant, as being in any wise out of harmony with our conclusion here reached. The issue there was as to whether the plaintiff's injury was caused by an improper mining method allegedly followed, or by danger arising in the progress of the employee's work. The evidence there relied on to show an improper mining method was that given by a mining expert, and was presented very differently from plaintiff's claim as here made which was supported by the testimony of his nonexpert fellow miner, to the effect that in his opinion, as a mining employee, the defendant was negligent, due to making the entries of its mine too wide for safety. The mine operator would find but scant protection against chance opinion criticism, volunteered generally, of his plan of mine operation as negligent or improper, if such uninformed evidence were accorded such competency and weight as to condemn engineering plans as negligent, even though adopted and followed by the operator upon the advice and direction of the most skilled and best informed engineering experts.

For the reasons indicated, we are led to conclude

that the evidence here presented upon the second trial is not substantially different from that heard upon the first, which was by our former opinion pronounced insufficient for submission; from which it follows that the learned trial judge properly so found and granted the complained of peremptory instruction, as by the former opinion directed to be given in such event. Therefore, its judgment being in harmony with our direction and views herein expressed, the same is affirmed.