## Louisville & N. R. Co. v. Noble.

(Decided May 22 ,1936.)

J. P. HAMILTON, H. T. LIVELY, A. M. WARREN, C. S. LAN-DRUM and O. H. POLLARD for appellant.

C. A. NOBLE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

Willie Noble sued the Louisville & Nashville Railroad Company for $30,000 for personal injuries. Nine of the jury gave Noble a verdict for $1,000, and, from the judgment entered thereon, the Louisville & Nashville Railroad Company appeals.

## History.

Willie Noble was born November 18, 1912. About daybreak July 26, 1930, Willie Noble, his cousin, Bev Noble, and Sol Napier caught a freight train at Hazard, Ky., and rode to Jackson. There the boys got off, went to the river, and washed themselves. They then started to a grocery on the west of the railroad to get something to eat. A long train of empty coal gons was standing on the passing track. Plaintiff testifies they stood there five minutes or longer, and he walked down the road 20 or 25 steps to see if he could see an engine or a caboose and saw none anywhere. There were no railroad employees about, no bell ringing, and no whistle blowing, so the boys started to cross the track by climbing over the bumpers between the cars. The other two boys had got over in safety, but, as the plaintiff was climbing over, the train of empty coal gons started to move, and plaintiff's left foot was caught between the drawhead and the end of a car and so mashed that it was necessary to amputate it above the ankle.

On August 9, 1930, plaintiff's father, Hiram Noble, qualified as plaintiff's guardian, and as such settled with the Louisville & Nashville Railroad Company for this injury, in which settlement there was paid to the guardian $155, which he in turn paid to Dr. Bach for plaintiff's care and treatment. Plaintiff arrived at maturity November 18, 1933, and on June 7, 1934, he filed this action.

In its three paragraphs of answer the Louisville & Nashville Railroad Company traversed the petition, pleaded contributory negligence and the settlement with

plaintiff's guardian. By reply plaintiff denied contributory negligence, asserted the appointment of his father as his guardian was invalid because plaintiff was then more than 14 years of age and had not himself selected his father as his guardian, and that this settlement and release were obtained by fraud, etc., to which the Louisville & Nashville Railroad Company filed rejoinder.

There are divers questions presented that were raised by demurrers, motions, exceptions to rulings on the evidence, exceptions to the giving and refusing of instructions, etc. Without further enumeration or discussion of these questions, we expressly reserve all of them, and pass now to what we regard as the outstanding error.

### No Cause of Action Was Proven.

Plaintiff's own testimony shows he was a trespasser. He saw the train standing there. There were no railroad men about. He appreciated the danger in his contemplated crossing. He undertook to cross and was injured.

This case cannot be distinguished from the case of Louisville & N. R. R. Co. v. Reynolds' Adm'r, 240 Ky. 662, 42 S. W. (2d) 911. In reversing that judgment, we said the defendant was entitled to a directed verdict and such should have been awarded in this case for the same reason it was directed in that case. We there cited numerous authorities, to which we now add: Louisville & N. R. R. Co. v. Whittle's Adm'rs, 216 Ky. 314, 287 S. W. 894; Jones v. Illinois Cent. R. Co., 104 S. W. 258, 31 Ky. Law Rep. 825, 13 L. R. A. (N. S.) 1066; Landers v. Cincinnati, N. O. & T. P. Ry. Co., 156 Ky. 301, 160 S. W. 1050.

The appellee relies upon Trent v. Norfolk & W. Ry. Co., 167 Ky. 319, 180 S. W. 792, but an inspection of that opinion shows that the reason for that holding is that the injured child was but 8 years of age, and it was that child's lack of age and discretion upon which that opinion is rested. The indiscretion that excused the 8 year old Trent child will not excuse the plaintiff, who lacked less than 4 months of being 18 when he sustained his injury. See distinction pointed out in Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S. W. 175, 53 A. L. R. 1328.

Judgment reversed.