SHEA, by Guardian *ad litem,* and another, Respondents, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY and others, Appellants.

*May 18—June 16, 1943.*

For the appellants there were briefs by *Bender, Trump & McIntyre* of Milwaukee, and oral argument by *Rodger M. Trump.*

For the respondents there was a brief by *Ramsdell, King & Linderman* of Eau Claire, and oral argument by *Bailey Ramsdell.*

BARLOW, J. Respondents contend that the question in this case is whether there is credible evidence to sustain the findings that the conductor of the train was negligent as to lookout and warning. In passing on this question, it is necessary to determine what right, if any, the respondent had to place himself in the position he was in and what duty the conductor failed to perform to be guilty of causal negligence.

Allowing for the tender age of the respondent, it must be conceded that he had no right to crawl under the train even though it was stationary at the time he attempted to do so. He had never seen others attempt to crawl under a train, and he was warned by his associates that he should not do so. There is no evidence from which a jury could reasonably say that the conductor had knowledge of the presence or position of the respondent. The footpath was blocked, and no question is raised as to the right of appellants to close this path for the purpose for which it was closed. It cannot be said that appellants were required to keep a watchman at this crossing to physically restrain pedestrians from placing themselves in danger. The conductor was at the crossing at the time he coupled the cars and gave the signal to go ahead. The train started to move shortly after it was connected. If respondent had attempted to go between the cars by going over the coupling, or to have crawled upon the car to get over, he would have been a trespasser. *Louisville & N. R. Co. v. Noble,* 265 Ky. 200, 96 S. W. (2d) 433; *Kaproli v. Central Railroad of*

*New Jersey,* 105 N. J. Law, 225, 143 Atl. 343. While respondent could properly be a licensee in using this footpath for the purpose of crossing the track when no train was upon it, it cannot be said that he was a licensee when he attempted to crawl under the train. He was using it for a purpose that could not reasonably be foreseen or anticipated, and in so doing he became a trespasser.

There is no evidence of wilful and intentional injury or active negligence on the part of the defendant. It owed no active duty to protect respondent in the act that he was attempting. *Klix v. Nieman,* 68 Wis. 271, 32 N. W. 223; *Schug v. Chicago, M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090; *Wendorf v. Director General of Railroads,* 173 Wis. 53, 180 N. W. 128; *Frederick v. Great Northern R. Co.* 207 Wis. 234, 240 N. W. 387, 241 N. W. 363.

We conclude there was no evidence to sustain the finding of negligence on the part of the defendant.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss plaintiffs' complaint.

WICKHEM and MARTIN, JJ., dissent.