March 27, 1973.

SMITH, by Guardian *ad litem*, and others, Appellants, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY, Respondent.

*No. 247. Submitted March 1, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 166.)

For the appellants the cause was submitted on the brief of *Brown, Black, Riegelman & Kreul* of Racine.

For the respondent the cause was submitted on the brief of *Borgelt, Powell, Peterson & Frauen,* of Milwaukee, and *Whaley & Whaley* of Racine.

PER CURIAM. After a review of the record limited by the absence of a transcript of the trial testimony, the court concludes under the circumstances of this case the trial court did not commit reversbile error in failing to include the plaintiff's requested instructions in its charge to the jury or in submitting the special verdict. In the first place, not every violation of a statute or ordinance constitutes negligence per se. Only where the statute is a "safety statute," designed to protect a class of persons from a particular type of harm, is a violation negligence per se, and then only when the violation results in that type of harm to someone in the protected class. *Meihost v. Meihost* (1966), 29 Wis. 2d 537, 139 N. W. 2d 116.

In addition, it appears by the instructions actually given by the trial court, that the plaintiff was assumed to be a licensee rather than a trespasser on the train at the time of his injury. *Cf. Shea v. Chicago, M., St. P. & P. RR. Co.* (1943), 243 Wis. 253, 10 N. W. 2d 135. And finally, the question of whether the defendant

had a duty to warn of impending movement is dependent upon whether harm resulting from the failure to warn should have reasonably been foreseen as probable by the defendant. *See: Cirillo v. Milwaukee* (1967), 34 Wis. 2d 705, 150 N. W. 2d 460. Without the benefit of the trial transcript to apprise this court of the actual circumstances surrounding the incident, it is impossible to make such a determination. *See: Schimke v. Milwaukee & Suburban Transport Corp.* (1967), 34 Wis. 2d 317, 149 N. W. 2d 659.

The judgment is affirmed.